Manuel BELTRAN, Jr., Appellant,

v.

The STATE of Texas, Appellee.

Nos. 01–88–00018–CR & 01–88–00019–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Oct. 27, 1988.

Ken J. McLean, Houston, for appellant.

John B. Holmes, Dist. Atty. Harris County, for appellee.

Before DUGGAN, JACK SMITH and DUNN, JJ.

## OPINION

DUGGAN, Justice.

In a single trial under separate indictments, a jury found appellant guilty of aggravated kidnapping (cause number 470,-224) and aggravated sexual assault of a child (cause number 487,001). Appellant pleaded true to the enhancement allegation in each indictment, and the trial court assessed his punishment at 60 years confinement in each case.

In his first point of error, appellant, having been convicted under the first indictment for aggravated kidnapping, contends that he was placed in jeopardy for the same offense when he was also convicted of the offense of aggravated sexual assault.

The constitutional prohibition against double jeopardy protects against a second prosecution for the same offense after an acquittal, a second prosecution for the same offense after a conviction, and multiple punishments for the same offense. *Illinois v. Vitale*, 447 U.S. 410, 100 S.Ct. 2260, 65 L.Ed.2d 228 (1980). Because appellant was jointly tried for the two offenses, the third classification applies to the instant case. Multiple prosecutions for two statutory offenses committed in the same transaction are not prohibited by the federal or state constitutions, nor the Texas statutes. *Ex parte McWilliams*, 634 S.W.2d 815, 834 (Tex.Crim.App.) (op. on reh'g), *cert. denied*, 459 U.S. 1036, 103 S.Ct. 447, 74 L.Ed.2d 602 (1982). However, the question is whether the two statutorily distinct offenses of aggravated kidnapping and aggravated sexual assault of a child are the "same offense" for double jeopardy purposes.

In *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), the United States Supreme Court held that the test to be applied where the same act or transaction violates two distinct statutory prohibitions is "whether each provision requires proof of a fact which the other does not." In the instant case, appellant was found guilty of both aggravated kidnapping and aggravated sexual assault

of a child. These offenses are proven by showing the following elements:

Aggravated kidnapping: A person commits an offense if he intentionally or knowingly abducts another person with the intent to inflict bodily injury on him or violate or abuse him sexually. Tex. Penal Code Ann. sec. 20.04(a)(4) (Vernon 1974).

Aggravated sexual assault: A person commits an offense if the person causes the penetration of the anus or female sexual organ of a child by any means; or if the person by acts or words places the victim in fear that death, serious bodily injury, or kidnapping will be imminently inflicted on any person. Tex.Penal Code Ann. sec. 22.021(a)(1)(B)(i), 22.-021(a)(2)(A)(ii) (Vernon Supp.1988).

The court in *Ex parte McWilliams*, 634 S.W.2d at 824, found that because the offenses of aggravated kidnapping and aggravated robbery each required proof of a fact that the other did not, there was no double jeopardy violation. Appellant concedes in the instant case that the offenses of aggravated kidnapping and aggravated sexual assault each require proof of a fact that the other does not, but contends that *Blockburger* is not the sole criteria for determining if a defendant has been twice put in jeopardy for the same offense.

Relying on *May v. State*, 726 S.W.2d 573, 574 (Tex.Crim.App.1987), appellant asserts that the test in *In re Nielsen*, 131 U.S. 176, 9 S.Ct. 672, 33 L.Ed. 118 (1889), should control in the instant case. *Nielsen* held that "where a person had been tried and convicted for a crime which has various incidents in it, he cannot be a second time tried for one of those incidents without being twice put in jeopardy for the same offense." *Id.* at 188, 9 S.Ct. at 676. *Nielsen* suggests that where proof of part of the conduct of the criminal episode comprises proof of additional conduct that occurred in the same transaction, only one conviction will stand. Appellant argues that the aggravating factor in the kidnapping was the intent to commit sexual assault, and this was proven by the same

facts that were admitted to prove the offense of aggravated sexual assault.

We note that in each case cited by appellant where the *Nielsen* analysis was applied, the defendant was prosecuted for two offenses in separate trials. The case on which appellant relies, *May v. State,* 726 S.W.2d at 575, distinguishes the situations in which the defendant is tried in a single trial:

> Successive prosecutions [as distinguished from multiple punishments at a single trial] will be barred in some circumstances where the second prosecution requires the relitigation of factual issues already resolved by the first.

(Citing *Davis v. Herring,* 800 F.2d 513, 518 (5th Cir.1986)) (emphasis added).

In *Davis,* the Fifth Circuit stated that the United States Supreme Court, other circuit courts, and various commentators have "consistently distinguished between situations involving multiple punishments imposed at a single trial of several offenses and those involving successive trials for related offenses based on the same criminal conduct." According to the court, a second trial "implicates constitutional protections that multiple punishments at a single trial do not." *Id.* at 517. Further, the court held that although "under the *Blockburger* test, two offenses are sufficiently different to permit the imposition of consecutive sentences at a single trial, that 'test is not the only standard for determining whether *successive prosecutions* impermissibly involve the same offense,' and the '*successive prosecutions* will be barred in some circumstances....'" *Id.* at 518 (citing *Brown v. Ohio,* 432 U.S. 161, 166 n. 6, 97 S.Ct. 2221, 2226 n. 6, 53 L.Ed.2d 187 (1977)) (emphasis added).

In *United States v. Rodriguez,* 612 F.2d 906 (5th Cir.), *cert. denied sub nom., Albernaz v. State,* 449 U.S. 835, 101 S.Ct. 108, 66 L.Ed.2d 41 (1980), *aff'd,* 450 U.S. 333, 101 S.Ct. 1137, 67 L.Ed.2d 275 (1981), the Fifth Circuit addressed the question of whether double jeopardy precludes cumulative punishment where a defendant is tried under two separate statutes in one proceeding. *Blockburger* was held to be the appli-

cable test, and the court was required to focus on the "elements of the offense charged, *not on the evidence adduced at trial.*" *Id.* at 919 (emphasis in original).

Appellant concedes that the statutes involved in the instant case each require an element of proof that the other does not. We find that *Blockburger* is the proper analysis to be applied when addressing the question of whether double jeopardy precludes multiple punishments for two offenses in a single proceeding.

Even assuming that the analysis in *Nielsen* should be applied to the instant case, we agree with the State that the facts necessary to prove the aggravated kidnapping were separate and distinct from the facts necessary to prove the aggravated sexual assault. The appellant and his companion approached the complainant on the street to ask her directions. They grabbed her and pulled her into their car. She was then forced into a house and threatened with death if she did not cooperate. She was taken into a bedroom, ordered to disrobe and spread her legs, and again threatened with death. This evidence is sufficient proof to establish aggravated kidnapping. The aggravated sexual assault was proven by the additional evidence of the actual penetration of the victim's vagina by appellant's penis, as well as another threat of death if she did not cooperate. Under the *Nielsen* analysis, each conviction is supported by separate and distinct factual elements, and the two convictions, therefore, do not violate double jeopardy provisions.

Appellant's first point of error is overruled.

In his second and third points of error, appellant contends that the prosecutor committed reversible error by the two following improper jury arguments:

> Let me remind you of what a not guilty [sic] really says ... It says to anybody that's thinking about raping our children, you just try and hide your face or cut down on the witnesses. Make that a perfect crime, or make an attempt at it, and we will cut you loose, and perhaps most importantly, a not guilty [sic] lets

this *man ride down* on the elevator with you to rape other children out in Harris County, Texas.

\* \* \* \* \* \*

[Defense counsel] suggested to you that this man should be rewarded because he was able to hide his face from the child. I suggest to you that the only reason that child is here in court today is because Uvaldo Beltran was sitting in that living room, watching TV, because don't you know that if he had not been there she wouldn't be alive today? They wouldn't have taken her to his house if they had intended to let her live.

Defense counsel did not object to either argument; therefore, reversible error occurs only if the remarks were so prejudicial that an instruction to disregard cannot cure the harm. *Green v. State,* 682 S.W.2d 271, 295 (Tex.Crim.App.1984), *cert. denied,* 470 U.S. 1034, 105 S.Ct. 1407, 84 L.Ed.2d 794 (1985).

■ In the first instance, although the prosecutor's remarks were an improper plea for law enforcement, an instruction to disregard could have cured the harm. Similarly, in *Livingston v. State,* 531 S.W.2d 821 (Tex.Crim.App.1976), the prosecutor argued that if the defendant was let out in a driving while intoxicated case, he would go out and kill somebody, and the court found that the error was cured by the trial court's instruction to disregard.

■ The State argues that the prosecutor's second argument is a reasonable deduction from the evidence. The record reflected that the complainant was taken to appellant's house and that her eyes were not covered to prevent her from seeing her destination, although she was pushed to the floorboard of the car. When they arrived at the house, Uvaldo Beltran was there watching television. The complainant was taken into the bedroom, threatened with death, and raped *numerous times* by appellant and his companion. She was also physically struck, and was told that appellant was getting a gun to "shut her up." After Uvaldo Beltran refused to participate in the rape, she was led outside the house

with a hat pulled over her eyes and left a short distance away, with money to call her mother. Because the house was dark, the complainant did not get a good look at her attackers and was unable to identify appellant.

Assuming, without deciding, that the prosecutor's argument that appellant intended to kill the complainant was not a reasonable deduction from the evidence, and was therefore beyond the parameters of proper jury argument, it was not reversible error, both because of the overwhelming evidence of appellant's guilt that was supplied by Uvaldo Beltran and because the error could have been cured by an instruction to disregard.

Points of error two and three are overruled.

The judgment is affirmed.