Motion for Rehearing Overruled, Opinion of July 3, 2002, Withdrawn;
Affirmed and Opinion on Motion for Rehearing filed October









Motion for Rehearing Overruled, Opinion of July 3,
2002, Withdrawn; Affirmed and Opinion on Motion for Rehearing filed October 24,
2002.

 

 

 

 

 

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO.
14-00-01217-CR

____________

 

JESUS MANUEL DIAZ, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On
Appeal from the 185th District Court

Harris County, Texas

Trial
Court Cause No. 827,579

 



 

O
P I N I O N   O N   M O T I O N  
F O R   R
E H E A R I N G








We
withdraw our opinion of July 3, 2002, and substitute the following
opinion.  A jury convicted appellant,
Jesus Manuel Diaz, of possession with intent to deliver cocaine weighing at
least 400 grams and sentenced him to forty years= confinement in the Texas Department of Criminal Justice,
Institutional Division.  On appeal,
appellant complains (1) the evidence is factually insufficient to support the
jury=s
verdict, (2) the trial court abused its discretion by limiting appellant=s
voir dire in violation of his constitutional right to
counsel, (3) the trial court erred in refusing to permit appellant to impeach
one of the State=s witnesses with two prior convictions, (4) the trial court
erred in overruling appellant=s objection to improper jury argument by the State, and (5) the
trial court abused its discretion by failing to hold a hearing on appellant=s
motion for new trial.  We affirm.

On
October 28, 1999, Officer Mark Boyle of the Houston Police Department,
Narcotics Division, received information about a potential drug deal later that
day.  Officer Boyle asked the informant,
Antonio Flores, to arrange a meeting with the seller.  Boyle then set up surveillance across the
street from a tire shop where the sale was scheduled to take place.  Officer Boyle testified that around 6:45
p.m., he watched as Flores approached appellant in the tire shop.  Appellant was holding a bag containing a
heavy, square-shaped object consistent with the appearance of a brick of
cocaine.  Boyle then saw appellant place
the bag in the back seat of a red Ford Mustang. 
Officer Boyle watched these events with binoculars through the back
window of his unmarked truck.

Shortly
thereafter, Flores called Boyle and told him that appellant had shown him a bag
containing cocaine and then put the bag in the back seat of his car.  Concerned that appellant might try to flee,
Officer Boyle and a patrol officer in a marked police car approached the tire
shop.  As the officers approached, Boyle
testified that appellant tried to Awalk off real fast,@ but the officers stopped him. 
In the back seat of the Mustang, Officer Boyle spotted the bag, which
was later determined to contain approximately half a kilogram of cocaine.

Flores,
the informant, also testified at trial. 
According to Flores, when he arrived at the tire shop, he was taken by
another man to see appellant, who was sitting in the driver=s
seat of a red Ford Mustang.  When Flores
asked to see Athe stuff you got,@ appellant reached into the back seat and showed Flores a brick
of cocaine wrapped in aluminum foil. 
After showing it to Flores, appellant then returned the cocaine to the
back seat while Flores left, ostensibly to get money to complete the sale.  Flores then called Officer Boyle.








Appellant
was arrested and charged with possession with intent to deliver.  A jury convicted appellant, and he timely
appealed.

In
his first issue, appellant contends the evidence is factually insufficient to
support the jury=s verdict.  We conduct a
factual-sufficiency review by reviewing all the evidence in a neutral light to
determine whether (1) the proof of guilt is so obviously weak as to undermine
confidence in the jury=s determination or (2) the proof of guilt, although adequate if
taken alone, is greatly outweighed by contrary proof.  Johnson v. State, 23 S.W.3d 1, 11
(Tex. Crim. App. 2000).  We may set aside the jury=s
verdict only if it is so contrary to the overwhelming weight of the evidence as
to be clearly wrong and unjust.  Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996). 
Although we review the fact finder=s weighing of the evidence, and we are authorized to disagree
with the fact finder=s determination, our evaluation should not substantially
intrude upon the fact finder=s role as the sole judge of the weight and credibility given to
witness testimony.  Johnson, 23
S.W.3d at 7.  In particular, we must
defer to the jury=s determination concerning what weight to give contradictory
testimonial evidence, because resolution often turns on an evaluation of
credibility and demeanor, an evaluation better suited for jurors who were in
attendance when the testimony was delivered. 
Id. at 8.

Appellant
claims the evidence identifying him as the individual in possession of the
cocaine is too weak to sustain his conviction. 
Both Officer Boyle and Flores positively identified appellant as the
person they saw holding a bag containing a brick of cocaine.  Both witnesses said they saw appellant place
the bag in the back seat of a red Ford Mustang, which is where the cocaine was
found following appellant=s arrest.  Appellant
questions the reliability of this identification evidence based on the
conditions under which the two eyewitnesses each viewed the suspectCfor
a brief time, in poor lighting conditions, and, in Officer Boyle=s
case, through a tinted window across a busy intersection.  Appellant also claims the witnesses=
credibility is suspect for several reasons, including:








$          there were inconsistencies between the
two witnesses= accounts of
the transaction, primarily whether the suspect was sitting in a car or standing
next to the car when he showed the cocaine to Flores;

$          photographs that could have
corroborated Officer Boyle=s
claim that appellant was the only African-American present at the scene were
missing from Officer Boyle=s
file;

$          appellant=s
fiancée testified that, outside the courtroom, she heard Flores tell Officer
Boyle that Flores was not sure he could identify appellant, but he was
reassured by Officer Boyle that appellant would be Athe
only one up there@;

$          Flores=s
credibility was impeached because of his status as a paid informant and
evidence that he had a pending misdemeanor charge; and

$          a local attorney
expressed her opinion that Officer Boyle has a very bad character for
truthfulness.

The jury
is the exclusive judge of the credibility of witnesses and of the weight to be
given their testimony.  Jones v. State,
944 S.W.2d 642, 647 (Tex. Crim. App. 1996).  Likewise, reconciliation of any conflicts in
the evidence is within the exclusive province of the jury.  Id. 
Both Officer Boyle and Flores unambiguously identified appellant as the
seller of the cocaine, and the jury obviously believed them.  We cannot say that the jury=s
verdict is clearly wrong and unjust.  We
overrule appellant=s first issue.








In
his second and third issues, appellant claims the trial court abused its
discretion by limiting his counsel=s time to conduct voir dire, thus
preventing his counsel from asking certain questions in violation of his right
to counsel.  The constitutionally
guaranteed right to counsel[1]
encompasses the right to question prospective jurors in order to intelligently
and effectually exercise peremptory challenges and challenges for cause during
the jury selection process.  Ex parte McKay, 819 S.W.2d 478, 482 (Tex. Crim. App. 1990). This right must be harmonized with the
trial court=s right to impose reasonable restrictions on the exercise of voir dire examination. 
McCarter v. State, 837 S.W.2d 117, 119-20 (Tex. Crim. App. 1992).  We
therefore review a trial court=s decision to limit the time for questioning during voir dire to determine whether the trial court abused its
discretion.  McKay, 819 S.W.2d at
482.

In
this case, however, appellant failed to preserve error.  The trial court=s docket sheet indicates that appellant conducted voir dire for fifty minutes, which covered fifty pages of
the reporter=s record.  Twenty-nine
pages into the transcript of appellant=s voir dire, the trial court gave
appellant=s counsel a five-minute warning.  Nine pages later, the trial court told
appellant=s counsel to Awrap it up.@  After another six
pages, the court told her, A[Y]our time is up.  You
need to hurry up.@  Finally, six pages
later, the court instructed appellant=s counsel to stop.  At no
time did appellant=s counsel object to the court=s admonitions to finish her voir
dire, nor did she ever request additional time. 
Although appellant=s counsel later asked to Amake a record on some questions I didn=t
get to,@
appellant never specifically objected to the court=s
imposition of time limits on voir dire
examination.  Accordingly, appellant did
not preserve his complaint for appeal.  See
Tex. R. App. P. 33.1(a).

The
facts of this case are distinguishable from those in Taylor v. State,
939 S.W.2d 148 (Tex. Crim. App. 1996), where the
court held error was preserved on a claim of improper limits on voir dire.  Here,
appellant=s counsel did not advise the court in any way that she had
questions she did not get to ask until after thanking the jury and after
sitting down.  At no point did appellant=s
counsel actually ask for more time. 
Additionally, not until after the court and parties had made their
strikes for cause did she advise the court what those unasked questions were.[2]
       








Even
if appellant=s complaint had been preserved, we do not find error under this
record.  The trial court=s
broad discretionary power to control voir dire
examination is well-established.  See
McCarter, 837 S.W.2d at 120.  This
discretion includes the ability to place reasonable limits on the voir dire Afor various reasons, among them to curb the prolixity of what
can become the lengthiest part of a criminal proceeding.@  Guerra v. State, 771 S.W.2d 453, 467
(Tex. Crim. App. 1988).  AA skilled lawyer can always find more questions that are proper
to ask prospective jurors.  The fact that
counsel can think of one more proper question should not transform a reasonable
time limit to an unreasonable one.@  Whitaker v. State,
653 S.W.2d 781, 782 (Tex. Crim. App. 1983) (plurality
opinion).








We
review a court=s decision to limit voir dire
questioning according to an abuse-of-discretion standard.  McCarter, 837 S.W.2d at 120.  Specifically, in reviewing a contention that
the trial court abused its discretion in terminating voir
dire during collective questioning of the venire, we must examine (1) whether
counsel attempted to prolong voir dire and (2)
whether the court prohibited proper questions. 
Id. at 121-22.  Here, the voir dire transcript reveals that appellant=s
counsel chose to ask open-ended, discussion-type questions about Awhy
we are here,@ following the rules, Awhat is important to you,@ the Aability to make decisions without hesitation,@
and Awhat
type of evidence was expected.@  She also made editorial
comments about a television show featuring lawyers.  Many questions were so open-ended that venire
responses often strayed from eliciting information that would be material to
the informed exercise of challenges in a drug-delivery case.  The trial court warned appellant=s
counsel three times that she was running out of time; she could have heeded the
court=s
warning and adjusted her voir dire examination to
accommodate the court=s parameters.[3]  The record supports the conclusion that
appellant=s counsel attempted to prolong voir
dire; as a result, the court did not abuse its discretion in limiting appellant=s
time for voir dire. 
See Godine v. State, 874
S.W.2d 197, 202 (Tex. App.CHouston [14th Dist.] 1994, no pet.) (finding no abuse of
discretion in voir dire time limit where appellant=s
counsel did not effectively budget his time). 
Accordingly, appellant=s second and third issues are overruled.

In
his fourth issue, appellant claims the trial court erred by refusing to permit
him to impeach one of the State=s witnesses with two prior convictions.  The use of a prior conviction to attack the
credibility of a witness is governed by Texas Rule of Evidence 609.  Where, as here, more than ten years have elapsed
since the witness was released from confinement, evidence of the conviction is
not admissible unless the trial court determines, in the interest of justice,
that the probative value of the conviction substantially outweighs its
prejudicial effect.  Tex. R. Evid. 609(b).  We will not reverse the trial court=s
decision regarding the admissibility of prior convictions absent a clear abuse
of discretion.  Morris v. State,
67 S.W.3d 257, 262 (Tex. App.CHouston [1st Dist.] 2001, pet. ref=d).








Convictions
over ten years old generally do not have much probative value on the issue of
character, which is why Rule 609(b) requires a high showing of relevance for
admission of an old conviction.  Hernandez
v. State, 980 S.W.2d 652, 652 (Tex. Crim. App.
1998) (Womack, J., concurring in the refusal of discretionary review) (citing Comm. on the Judiciary, S. Rep. No. 93-1277, Federal Rule of
Evidence 609).  Remote convictions are
generally inadmissible because of a presumption that a person is capable of
rehabilitation and that his character has reformed over a period of law-abiding
conduct.  Morris, 67 S.W.3d at 263
(citing Cathleen C. Herasimchuk, Texas Rules of Evidence Handbook 587
(4th ed. 2001)).  Appellant has not
demonstrated specific facts and circumstances showing that the probative value
of these prior convictions substantially outweighs their prejudicial
effect.  See Hernandez v. State,
976 S.W.2d 753, 756 (Tex. App.CHouston [1st Dist.]), pet. ref=d, 980 S.W.2d 652 (Tex. Crim. App.
1998).  Accordingly, we conclude the
trial court did not abuse its discretion in refusing to admit evidence of these
convictions.  We overrule appellant=s
fourth issue.

In
his fifth issue, appellant argues the trial court erred by overruling his
objection to the State=s improper jury argument. 
During the prosecution=s closing argument, the following exchange occurred:

[PROSECUTOR]:                . . . .  It=s
your choice.  You want to live in a
society that allows people to distribute drugs throughout your community right
across the street from schools and churches and people who are just working and
doing good.  You have a choice, whether
you want to ride down the elevator with this defendant B

[DEFENSE
COUNSEL]:     Objection, Your Honor, that=s
improper argument.

THE COURT:                       Overruled.

[PROSECUTOR]:                B
or whether you=ll
find him guilty of the crime that he is charged with and I ask you to choose to
find him guilty.








Appellant
claims the State=s argument was an improper plea for law enforcement, citing Beltran
v. State, 760 S.W.2d 353 (Tex. App.CHouston [1st Dist.] 1988, pet. ref=d).  In Beltran, the appellate court found
improper the prosecutor=s remarks that a verdict of Anot guilty@ would let the defendant Aride down on the elevator with you to rape other children.@  Id. at 355-56.  However, the argument in Beltran was
improper because it suggested to the jury that the defendant would commit
future crimes if not convicted.  Id.
at 356; see Livingston v. State, 531 S.W.2d 821, 823 (Tex. Crim. App. 1976) (concluding that the prosecutor=s
argument was improper when it suggested that if a DWI defendant was permitted
to remain at large, he Amay very well go out and kill somebody@).  Here, the prosecutor made no such
suggestion.  This court has previously
determined that an argument very similar to the State=s
argument in this case was proper.  See
Martinez v. State, 715 S.W.2d 725, 727 (Tex. App.CHouston
[14th Dist.] 1986, pet. ref=d) (concluding that the prosecutor=s
argument that a not-guilty verdict would permit the defendant to Ago
down that elevator with you@ and Acruis[e]
. . . your neighborhood tonight@ was permissible both as a reasonable deduction from the
evidence and as a plea for law enforcement).  
We overrule appellant=s fifth issue.

In
his sixth issue, appellant claims the trial court erred in failing to hold a
hearing on appellant=s motion for new trial. 
When a motion for new trial presents matters that are not determinable
from the record and that could entitle appellant to relief, the trial court
abuses its discretion in failing to hold a hearing.  King v. State, 29 S.W.3d 556, 569
(Tex. Crim. App. 2000).  However, the motion must be supported by an
affidavit specifically showing the truth of the grounds of attack.  Id. 
The test is whether the motion and affidavit reflect that reasonable
grounds exist for holding that relief could be granted.  Jordan v. State, 883 S.W.2d 664, 665
(Tex. Crim. App. 1994).

Appellant
timely filed and presented a motion for new trial supported by his counsel=s
affidavit.[4]  One of the grounds appellant raised in his
motion was that the State acted in bad faith by failing to preserve potentially
useful evidence, resulting in a denial of his right to due process.  See Arizona v. Youngblood, 488
U.S. 51, 58, 109 S. Ct. 333, 337 (1988). 
Appellant claims that, because the question of the State=s
bad faith was not determinable from the record, he was entitled to a hearing.








Failure
to preserve potentially useful evidence does not constitute a denial of due
process unless the defendant can show bad faith on the part of the State.  Id.; Ex parte
Brandley, 781 S.W.2d 886, 894 (Tex. Crim. App. 1989). 
With respect to this issue, the affidavit submitted in support of
appellant=s motion for new trial merely states (1) Officer Boyle
testified that photographs of other individuals were taken at the scene of the
arrest and (2) both the police and the district attorney told appellant=s
attorney that no such photographs were located in the case file.  Nothing in this affidavit remotely suggests
that the State acted in bad faith. 
Appellant is not automatically entitled to a hearing to conduct a Afishing
expedition@ in search of evidence that may support his claim for
relief.  See Reyes v. State,
849 S.W.2d 812, 816 (Tex. Crim. App. 1993).  We conclude the trial court did not abuse its
discretion in failing to conduct a hearing on appellant=s
motion for new trial.  We overrule
appellant=s sixth point of error.

We
affirm the trial court=s judgment.

 

 

 

 

/s/            Leslie
Brock Yates

Justice

 

 

 

Judgment rendered and Opinion on Motion
for Rehearing filed October 24, 2002.

Panel consists of Justices Yates, Seymore, and Guzman.

Do Not Publish C
Tex. R. App. P. 47.3(b).











[1]  See U.S. Const. amend. VI; Tex. Const. art. I, ' 10.





[2]  At that time,
appellant=s counsel informed the court of two questions she Awould have asked if the Court allowed [her] additional
time@:

 

. . . .  One is
the issue of punishment, whether or not they would consider the goal of
punishment to be rehabilitation or retribution and this is a jury election to B punishment election to the jury.

The other question I needed to ask is whether individually
which jurors had personal experiences with drugs or victims B or have been victims themselves of drug-related
crimes and whether that would affect their fairness to serve on a drug delivery
case.

 

In its brief, the State concedes that both of these
questions would have been proper.





[3]  We are not
judging the effectiveness of the voir dire or counsel=s style of eliciting relevant information from the
prospective jurors.  Rather, we conclude
that if the two unasked questions were so important to appellant=s strategy in culling unqualified jurors from the jury
panel, appellant=s counsel needed to be more judicious with her time
during voir dire. 
While the length of time allowed is not conclusive, we note that
appellant had approximately twenty more minutes than the State for a total of
about fifty minutes of questioning.  This
should have been sufficient time to examine the jury and to enable counsel to
intelligently exercise challenges for cause and peremptory challenges. 





[4]  Appellant
filed his motion for new trial on September 6, 2000, within 30 days after the
date the trial court imposed sentence.  See
Tex. R. App. P. 21.4(a).  In its brief, the State argues that nothing
in the record indicates appellant presented his motion within ten days of
filing, as required by Tex. R. App. P.
21.6.  However, the trial court clerk has
since supplemented the record to include a copy of appellant=s motion, file-stamped on September 15, 2000, with the
handwritten notation AMtn presented on 9-15-00.@