Affirmed and Opinion filed _____________, 2002















Opinion of February
 6, 2003 Withdrawn; Affirmed
and Corrected Memorandum Opinion filed February 13, 2003.                                                 

 

 

 

 

 

 

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-01-01246-CR  

____________

 

RONALD O’NEAL HALL,
Appellant

 

V.

 

THE STATE OF TEXAS,
Appellee

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



On Appeal from the 339th District Court

                                                           Harris
 County, Texas                       

Trial Court Cause
No. 859,235




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



C O R R E C T E D   M E M O
R A N D U M   O P I N I O N

            The
court withdraws its opinion of February 6, 2003.  It
issues this corrected opinion to correct the district court’s number.

A jury convicted
appellant of aggravated robbery, and after he pleaded true to a prior felony
conviction, assessed an enhanced sentence of fifty-five years in prison.  Appellant challenges a statement in the prosecutor’s
closing argument, and the legal and factual sufficiency of the evidence.  We affirm.

Background

            Appellant
and Ida Flood occasionally were in a relationship until October
 11, 2000, when Flood
chose to end it.  When she told
appellant, he became violent, and Flood called the police.  Upon their arrival, appellant agreed to leave
her apartment, and Flood chose not to press charges.

Later that
night, Flood invited Leonard Dancy (the complainant)
to her apartment.  Early the next
morning, she and Dancy were awakened by the sound of
appellant knocking loudly on the front door. 
By the time Flood came downstairs, appellant and one of his friends had
entered the apartment through a broken patio door.  

Appellant
accused Dancy of sleeping with Flood, and ordered his
(appellant’s) friend to go retrieve a handgun. 
When the friend returned with the gun, appellant pointed it at Dancy and searched him, taking Dancy’s
money and his cell phone.  Flood and
appellant’s friend pleaded with appellant not to kill Dancy.  Appellant did not, but did hit Dancy’s face and head repeatedly with his gun.  When Dancy finally
managed to get away, appellant ordered Flood to go with appellant to a friend’s
home.  Frightened, she agreed.  Appellant eventually threw Dancy’s cell phone over a fence.

The Prosecutor’s
Jury Argument

            Appellant
argues the trial court committed reversible error in overruling appellant’s
objection to a statement by the prosecutor during the guilt/innocence phase:

[THE PROSECUTOR]:         Counsel wants you to think about this as some situation
where any man would come in and do that kind of thing.  Really? 
Pull a gun and put it to the head of the individual and then take his
property?  If that’s what our society has
come to, that’s unfortunate.  But the
fact that he’s upset about the breakup of their relationship does not change
the fact that a crime has been committed against an individual who is
completely and totally undeserving, Leonard Dancy.  And it’s our responsibility to tell him,
“Huh-uh.  That’s not acceptable.  You don’t get to pull a gun.  You don’t get to rob the person who had a
thing with your former girlfriend.  You
don’t get to do that.  No.”  If you
don’t, you can ride down on the elevator with him.

[DEFENSE COUNSEL]:      I’m going to object, Your Honor.  That’s outside the record.

            [THE
COURT]:                      Overruled.

            Appellant
argues the prosecutor’s argument that “you can ride down on the elevator with
him” was improper.  But Texas
courts have held this exact language to be a permissible plea for law
enforcement.  See, e.g., Martinez v. State, 715 S.W.2d 725, 727 (Tex.
App.—Houston [14th Dist.] 1986, pet. ref’d) (concluding
prosecutor's argument that a not-guilty verdict would permit defendant to
"go down that elevator with you" and "cruis[e]
... your neighborhood tonight" was permissible both as a reasonable
deduction from the evidence and as a plea for law enforcement); Lopez v. State, 860 S.W.2d 938, 942–43
(Tex. App.—San Antonio 1993, no pet.) (finding prosecutor’s argument whether
defendant would “ride the elevator down with you” was not improper).  Consequently, we overrule appellant’s first
point of error.[1]

Legal and Factual Sufficiency of the Evidence

In his second and third points of error, appellant argues the evidence was
legally and factually insufficient to support his conviction.  We apply the usual standards of review.  See Jackson v.
Virginia, 443 U.S. 307, 319,
99 S. Ct. 2781, 2797 (1979); Johnson v. State, 23 S.W.3d
1, 10 (Tex. Crim. App. 2000).  

            A
person commits robbery if, in the course of committing theft and with intent to
obtain or maintain control of property, he either (1) intentionally, knowingly,
or recklessly causes bodily injury to another; or (2) intentionally or
knowingly threatens or places another in fear of imminent bodily injury or
death.  Tex.
Pen. Code Ann. §§ 29.02(a); 31.01. 
Aggravated robbery involves an additional element: use or exhibition of a
deadly weapon during the course of the robbery. 
Tex. Pen. Code Ann. §
29.03(a)(2).

            The crux of appellant’s claim
is that the State failed to prove appellant intended to “deprive” Dancy of his cell phone permanently, because the evidence
showed he threw it over a fence.  See Tex.
Penal Code Ann. § 31.01(2)(A).  First, Dancy was
“deprived” of his phone whether appellant kept it or threw it away; nothing in
the record indicates Dancy ever got it back.  Second, appellant never addresses the money
he took from Dancy; the only evidence was that appellant
intended to deprive Dancy of it permanently.  Thus, we find the evidence was sufficient to support appellant’s conviction,
and overrule his second and third points of error.

The judgment is
affirmed.

                                                                                                                                                                                                                                    

                                                /s/        Scott Brister

                                                            Chief
Justice

 

Judgment
rendered and Memorandum Opinion filed February
 6, 2003.

Panel
consists of Chief Justice Brister and Justices Hudson and Frost.

Do
Not Publish — Tex. R. App. P. 47.2(b).

 











[1] Although
not cited by appellant, Beltran v. State involved
a similar jury argument in which our sister court found improper a prosecutor’s
remark that a verdict of “not guilty” would allow the defendant to “ride down
on the elevator with you to rape other children.”  760 S.W.2d 353, 356 (Tex. App.—Houston
[1st Dist.] 1988, pet ref’d).  But the argument in Beltran was
improper because it suggested that the defendant would commit future crimes if
not convicted. Id.; see
Livingston v. State, 531 S.W.2d 821, 823 (Tex. Crim. App. 1976) (concluding that the prosecutor's
argument was improper when it suggested that if a DWI defendant was permitted
to remain at large, he "may very well go out and kill somebody").
Here, the prosecutor made no such suggestion.