Opinion Issued October 15, 2009












 




In The

Court of Appeals

For The

First District of Texas






NO. 01-08-00305-CR






DAVID THOMAS, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 180th District Court

Harris County, Texas

Trial Court Cause No. 1114267






O P I N I O N


 Appellant, David Thomas, was convicted of possessing cocaine weighing more
than four grams and less than 200 grams with an intent to deliver. (1) Appellant pled
true to both enhancement paragraphs alleged in the indictment, and the trial court
sentenced him to imprisonment for 35 years. Appellant asserts seven points of error. 
In five points of error, appellant argues that the trial court erred by: (1) denying the
motion to suppress evidence; (2) denying a requested continuance; (3) denying a new
trial, based on evidence that denial of the continuance was harmful; (4) not permitting
impeachment of the police officers; and (5) permitting impeachment of appellant with
his 1982 conviction and the life sentence imposed for that conviction. In his sixth
point of error, appellant argues that the trial court's modified Allen charge was
coercive, thereby denying appellant's right to trial by jury. In his seventh point of
error, he argues that one of the prior convictions used for enhancement purposes was
not proved properly because the judgment indicates a different conviction date and
a "deferred finding" of guilt.

 We affirm.

Background

 In April 2007, Officer D. Garza received information from a confidential
informant of a pending drug deal. The informant described the person who would
deliver the drugs as a black male between 50 and 55 years of age, between five feet
eight inches and five feet ten inches tall, and weighing between 180 and 200 pounds. 
The informant stated that the transaction would occur at a specified Whataburger
restaurant at nine p.m. The informant also indicated that the person delivering the
drugs would arrive in a grey Chevy Cavalier and would be wearing tan shorts and an
orange colored shirt.

 Based on the informant's tip, Officer Garza organized surveillance of the
specified Whataburger restaurant. When appellant arrived matching the informant's
description of the suspected drug dealer, Garza requested that a uniformed officer
detain him. Officer M. Chapnick responded to Garza's request. 

 Officer Chapnick entered the restaurant and went to the restroom to detain
appellant. When Officer Chapnick opened the restroom door, he directed appellant
to put his hands behind his back. Appellant took an aggressive posture, raising his
hands. Appellant then reached for his waistband, which Officer Chapnick perceived
as a threat because drug suspects often carry weapons in their waistbands. Officer
Chapnick attempted to forcibly restrain him. Appellant struggled with the officer,
jerking his hands away as Officer Chapnick attempted to gain control over appellant. 
Eventually, Officer Chapnick took appellant to the ground, where the officer had a
better chance of gaining control of his hands. When Officer Chapnick knocked
appellant to the floor, appellant's face was injured. Although on the floor, appellant
continued to resist.

 Officer C. Rozek and Officer S. Zakharia entered the restroom to assist Officer
Chapnick in establishing control over appellant. At some point when appellant was
on the floor, Derrick Glover, an employee of the Whataburger, went to the bathroom
and saw the police on top of appellant. Glover claims that he never saw appellant
fight or resist the police, but he conceded on cross-examination that appellant could
have been reaching for a weapon when appellant was on the floor and being
restrained by the police. The three officers handcuffed appellant, conducted a search
for weapons, and moved him out of the restroom. 

 The police took appellant outside, where Officer Rozek conducted a thorough
search of appellant and his clothing. During this search, a paper towel containing two
plastic sandwich bags of powdered cocaine and two rocks of "crack" cocaine fell
from appellant's waistband. The combined weight of the powdered cocaine and the
"crack" rocks was about two ounces.

 At trial, appellant took the stand and testified in his own behalf. Appellant
testified that he had gone to the Whataburger to confront a man with whom he had
a personal issue. According to appellant, when he was unable to locate the man in the
main area of the restaurant, he checked the restroom. As he was leaving the
Whataburger restroom, Officer Chapnick hit him in the eye without provocation. 
Appellant testified that after being hit, he knelt down on the floor immediately, that
Officer Chapnick then forced him to lie faced down on the ground, and that he
permitted Officer Chapnick to handcuff him. Appellant testified further that, once he
was handcuffed, two additional officers arrived and began kicking and punching him. 
The officers then took appellant outside, where appellant alleged that they planted the
cocaine on him. (2) Procedural History

 Five of appellant's grounds for appeal concern the trial court's rulings on
procedure. Appellant's first ground for appeal concerns his motion to suppress the
cocaine that was taken from him at the time of his arrest. The trial court held a pre-trial hearing on this and denied the motion. Grounds two and three concern two
different motions for continuance. Appellant's trial counsel filed the first motion on
April 10, 2008, claiming that appellant's prescribed pain medicine rendered appellant
incompetent to stand trial. Appellant filed the second motion for a continuance pro
se on April 11, 2008, after voir dire, alleging that his trial counsel was unprepared for
trial. The trial court denied both motions. Appellant's fourth ground for appeal
concerns the trial court's ruling that appellant could not impeach the testimony of the
arresting officers with a civil suit that appellant had filed against them and the
Houston Police Department. (3) Appellant's fifth point of error concerns the
admissibility of his prior convictions. Discussion

A. Motion to Suppress In his first point of error, appellant contends the trial court erred in denying his
motion to suppress evidence obtained through an alleged unlawful search and seizure. 
The State argues that appellant waived his complaint regarding the admission of the
cocaine because appellant's trial counsel affirmatively agreed to the admission of the
evidence during trial.

 Before trial, appellant filed a motion to suppress the cocaine that the police
discovered when they searched appellant. In his motion, appellant merely contended
that the evidence "was seized in violation of the United States Constitution and the
Constitution of the State of Texas." The trial court denied appellant's motion to
suppress, and the State introduced the evidence during its direct examination of
Houston Police Department criminalist Amanda Phillips. The State offered the
cocaine into evidence as State's Exhibits 6, 9, and 10; Phillips identified State's
exhibits 6 and 9 as cocaine in powder form and State's Exhibit 10 as cocaine in rock
form. When the State offered the exhibits, appellant's trial counsel stated, "[W]e
have no objection, Your Honor." The court then admitted these exhibits. 

 In general, when a court overrules a pretrial motion to suppress evidence, the
defendant need not object to the same evidence in order to preserve the error on
appeal. Brown v. State, 183 S.W.3d 728, 741 (Tex. App.--Houston [1st Dist.] 2005,
pet. ref'd) (citing Moraguez v. State, 701 S.W.2d 902, 904 (Tex. Crim. App. 1986)). 
However, when a defendant affirmatively states that he has "no objection" to the
admission of the complained of evidence, the defendant waives any error in the
admission of the evidence. Brown, 183 S.W.3d at 741; see also Harris v. State, 656
S.W.2d 481, 484 (Tex. Crim. App. 1983) (holding that appellant's complaint that trial
court erred in overruling his motion to suppress evidence obtained as result of illegal
seizures was rendered moot when State offered complained of evidence and defense
counsel affirmatively stated "no objection"). Here, the record reflects that appellant
obtained an adverse ruling on his pretrial motion to suppress. However, when the
State offered the offending evidence during trial, appellant's trial counsel waived any
error in the admission of the evidence by affirmatively stating, "[W]e have no
objection, Your Honor." See Brown, 183 S.W.3d at 741.

 We overrule appellant's first point of error.

B. Motions for Continuance

 In his second and third points of error, appellant argues that the trial court erred
in denying his pretrial motions for continuance and in denying him a new trial based
on evidence that the denial of a continuance was harmful. Appellant's first motion
for continuance contended that he would not be able to assist his attorney during trial
due to the effects of pain medications appellant was taking as a result of surgery he
had undergone at the end of March 2008. Appellant based his second motion, a pro
se motion, on his contention that his trial counsel was unprepared for trial.

 A trial court's ruling on a motion for continuance is reviewed under an abuse
of discretion standard. Janecka v. State, 937 S.W.2d 456, 468 (Tex. Crim. App.
1996). 

 1. Appellant's First Motion

 Appellant's principal contention in his first motion for continuance was that
he was not competent to assist his attorney due to prescribed pain medication. Texas
courts determine competency according to article 46B.003 of the Texas Code of
Criminal Procedure. Tex. Code Crim. Proc. Ann. art. 46B.003 (Vernon 2008). 
When competency is raised, the trial court "shall determine by informal inquiry
whether there is some evidence from any source that would support a finding that the
defendant may be incompetent to stand trial." Id. art. 46B.004(c) (Vernon 2008). 
The trial court is the sole trier of fact and thus evaluates witnesses' testimony and
credibility. Torres v. State, 182 S.W.3d 899, 902 (Tex. Crim. App. 2005). The denial
of a motion to suppress is reviewed for abuse of discretion, and we give great
deference to the trial court's determination of historical facts while reviewing de novo
the trial court's application of the law. Balentine v. State, 71 S.W.3d 763, 768 (Tex.
Crim. App. 2002). In reviewing this determination, the trial court's findings are
entitled to great deference. McDaniel v. State, 98 S.W.3d 704, 713 (Tex. Crim. App.
2003). 

 Based on its role as the reviewer of facts and credibility, the trial court, in
accordance with article 46B.004(c) of the Code of Criminal Procedure, conducted an
inquiry into the condition and abilities of appellant. Appellant stated that the pain
medication affected his ability to think "a little bit" and that it made him "kind of
dizzy." However, appellant was able to communicate with his attorney on the record,
and the trial court determined that appellant seemed "very able to answer . . .
questions." Furthermore, while appellant did encounter difficulties when testifying
in his own behalf, his answers indicated that he understood the questions presented
to him. Appellant did not provide the trial court with testimony or an affidavit from
a physician to support his argument. On appeal, appellant argues that the difficulties
he encountered while testifying on his own behalf, as well as the inconsistencies that
developed from these difficulties, illustrate his impairment. 

 The examples provided by appellant do not indicate that the trial court abused
its discretion. The trial court complied with the Code of Criminal Procedure and
evaluated appellant's competency. 

 2. Appellant's Second Motion

 Appellant filed a pro se motion for continuance complaining of his counsel's
unpreparedness. Among other arguments, appellant contended that his attorney failed
to argue that the drugs were produced after he was arrested, that the drugs may have
come from the gas tank of his car, and that someone else had driven the car earlier
that day. As additional evidence of his incapacity, appellant points to his mistake in
identifying the police officer who first entered the Whataburger restroom. 

 Ordinarily, a criminal defendant currently represented by counsel is not entitled
to hybrid representation. Bledsoe v. State, 178 S.W.3d 824, 827 (Tex. Crim. App.
2005) (citing Landers v. State, 550 S.W.2d 272 (Tex. Crim. App. 1977)). However,
the Court of Criminal Appeals has determined that if a trial court rules on a pro se
motion when a criminal defendant is represented by counsel that decision is subject
to appellate review. Robinson v. State, 240 S.W.3d 919, 922 (Tex. Crim. App. 2007). 
The record indicates that the trial court ruled on appellant's motion rather than
denying appellant the opportunity to present the motion. When the trial court rules
on such a motion, the motion is "subject to review on appeal." Id. at 922.

 Appellant's pro se motion, submitted on the first day of trial, alleges that
appellant's counsel was not prepared for trial. Although appellant did not specifically
designate his request as a motion for continuance, appellant did request that the trial
court grant him additional time to prepare for trial due to his counsel's alleged lack
of preparation.

 The record reflects that appellant filed his motion on the morning of April 11,
after the completion of voir dire. Appellant's counsel did not join appellant's motion
and denied appellant's accusations. The record indicates that counsel began his
representation of appellant no later than April 28, 2007 and that trial began on April
10, 2008. Appellant claimed his attorney did not subpoena relevant witnesses, that
his attorney did not come to the jail to speak with him, and that his attorney
conducted an inadequate investigation of his case. The trial court asked appellant to
identify the witnesses that appellant contended his attorney refused to subpoena, and
appellant named Cynthia Clay, Derrick Clover, and Lisa Michelle Smith. 

 The trial court then asked appellant's attorney to respond to appellant's
allegations. Counsel explained that he talked with appellant on the phone while
appellant was in jail and that he sent his investigator to speak with him. He also
explained that some of the evidence appellant wanted the attorney to gather was
duplicative of evidence the State intended to introduce, and he explained that he
contacted some of the witnesses appellant wanted him to subpoena and that he could
not find others. The trial court denied appellant's pro se motion. Our consideration
of the record does not indicate that the trial court abused its discretion in denying
appellant a continuance based on appellant's pro se motion. 

 We conclude that the trial court did not err in denying appellant's two motions
for a continuance. Because we have concluded that the trial court did not err in
refusing to grant a continuance, we further conclude that the trial court did not err in
refusing to grant appellant a new trial based on evidence that appellant was harmed
by the denial of his motions for continuance. We also overrule appellant's second
and third points of error.C. Officers' Impeachment with Pending Civil Litigation

 In his fourth point of error, appellant argues that the trial court erred in not
permitting him to impeach the testifying police officers with a pending civil suit he
had filed against them. Appellant filed suit against the Houston Police Department
and apparently against at least some of the police officers who were present for
appellant's arrest. Appellant never specified which of the testifying officers he had
sued. Rather, appellant indicated that the suit involved the "officers who testified
here previously." The State presented seven witnesses, all police officers or
employees of the Houston Police Department. Appellant argues that the denial of the
opportunity to impeach the officers resulted in his inability to demonstrate bias in the
officers' testimony, thereby denying him of his constitutional right of confrontation. 
The State argues that appellant failed to preserve error because he did not sufficiently
establish the substance of the excluded evidence. Alternatively, the State argues that,
even if error was preserved, the ground is meritless because the trial court did not
abuse its discretion in excluding the evidence.

 Rule 38.1(i) of the Texas Rules of Appellate Procedure requires that a "brief
contain a clear and concise argument for the contentions made, with appropriate
citations to authorities and to the record." Tex. R. App. P. 38.1(i). Appellant has cited
no specific facts in support of his authority and no authority for his argument and
therefore has failed to adequately brief this point. Id. Appellant even acknowledges
"one problem which is that defense counsel did not make a record of precisely what
he wanted to bring out before the jury."

 We overrule appellant's fourth point of error. 

D. Impeachment with 1982 Conviction and Life Sentence Appellant argues, in his fifth point of error, that the trial court erred in denying
his motion to testify free from impeachment by his 1982 conviction of the offense of
unauthorized use of a motor vehicle ("UUMV") and the life sentence imposed for that
conviction. (4) Appellant argues that the trial court should have prohibited
impeachment with this prior conviction because of its remoteness, its low probative
value, and the strong risk of prejudice.

 We will not reverse a trial court's decision regarding admissibility of evidence
of a prior conviction unless a clear abuse of discretion is shown. Morris v. State, 67
S.W.3d 257, 262 (Tex. App.--Houston [1st Dist.] 2001, pet. ref'd). Thus, a trial
court's decision will not be overruled unless it lies outside the zone of reasonable
disagreement. Id.; Theus v. State, 845 S.W.2d 874, 881 (Tex. Crim. App. 1992). 

 Rule 609(a) of the Texas Rules of Evidence provides that evidence of
conviction for a prior felony or crime of moral turpitude shall be admitted for
purposes of impeachment if the court determines that the probative value outweighs
the prejudicial effect. Tex. R. Evid. 609(a); Morris, 67 S.W.3d at 263. However, if
the date of conviction or the release of the witness from confinement is more than ten
years from the moment of impeachment, impeachment is permissible only if the
probative value of the conviction supported by the facts and circumstances
"substantially outweighs" its prejudicial effects. Tex. R. Evid. 609(b); see Morris,
67 S.W.3d at 263.

 Although the ten year limitations period in Rule 609 usually militates against
admissibility, Texas courts have held that subsequent felony or misdemeanor
convictions involving moral turpitude can be tacked onto remote convictions to cause
them to be evaluated under Rule 609(a) instead of Rule 609(b). See Morris, 67
S.W.3d at 263 (holding that evidence of two intervening felony convictions removed
taint of remoteness from convictions more than 10 years prior, permitting analysis
under Rule 609(a)); LaHood v. State, 171 S.W.3d 613, 620 (Tex. App.--
Houston[14th Dist.] 2005, pet. ref'd). 

 In the present case, evidence was presented that appellant was convicted of the
offense of delivery of cocaine in 2005 and burglary of a building with intent to
commit theft in 1992. These two intervening felonies remove the taint of remoteness
from the 1982 conviction, making appropriate analysis under Rule 609(a). Admission
of the 1982 conviction was proper, therefore, if the probative value of these
convictions outweighs their prejudicial effect. Morris, 67 S.W.3d at 263.

 In Theus, the Court of Criminal Appeals set out a non-exclusive list of factors
courts should use to weigh the probative value of a conviction against its prejudicial
effect. Theus, 845 S.W.2d at 880. These factors include (1) the impeachment value
of the prior crime, (2) the temporal proximity of the past crime relative to the charged
offense and the witness's subsequent history, (3) the similarity between the past crime
and the charged offense, (4) the importance of the witness's testimony, and (5) the
importance of the witness's credibility. Id.; LaHood, 171 S.W.3d at 620. 

 With respect to the first factor, the impeachment value of crimes that involve
deception or moral turpitude is greater than for offenses that involve violence. Theus,
845 S.W.2d at 881. Therefore, when the prior offense is one involving deception, the
first factor weighs in favor of admission. Id. The offense of unauthorized use of a
motor vehicle is a crime of deception. Baca v. State, 223 S.W.3d 478, 484 (Tex.
App.--Amarillo 2006, no pet.). The first Theus factor thus weighs in favor of
admission of appellant's prior conviction for unauthorized use of a motor vehicle. 
Id. 

 The second factor, involving the temporal proximity of the past crime relative
to the charged offense and the witness's subsequent history, favors admission if the
crime in question is recent and the witness has a demonstrated pattern of running
afoul of the law. Theus, 845 S.W.2d at 881. Appellant's conviction for UUMV was
not recent, occurring more than twenty years prior to the instant offense. However,
appellant's criminal record includes two additional offenses committed within the last
twenty years. See Martin v. State, 265 S.W.3d 435, 444 (Tex. App.--Houston [1st
Dist.] 2007, no pet.). The second factor weighs in favor of admission. 

 The third factor militates against admission if the prior conviction is similar to
the charged offense. Theus, 845 S.W.2d at 881. This is so because the admission for
impeachment purposes of a crime similar to that charged presents a situation where
the jury could convict based on the perception of the past conduct rather than the facts
of the present case. Id. Appellant's prior conviction is for UUMV, which is not
similar to the instant offense, possession with intent to deliver cocaine. This factor,
therefore, weighs in favor of admission of the prior offense. Id.

 In regard to the final two factors, Theus states that "when the case involves the
testimony of only the defendant and the State's witnesses . . . the importance of the
defendant's credibility and testimony escalates" and "so will the need to allow the
State an opportunity to impeach the defendant's credibility." Id. Here, appellant took
the stand in his own defense. He had one other witness to the events that took place
in the restroom who could speak only to a very short period of that time. Appellant's
credibility was important because the police officers who testified for the State and
appellant were the only direct eyewitnesses to the entirety of the events taking place
in the restroom and in the parking lot. Furthermore, the State's need to impeach
appellant's credibility was great because his testimony contradicted much of the
police officers's testimony of the events taking place in both locations and accused
the officers of beating him and planting evidence. The fourth and fifth factors,
therefore, favor admission of appellant's prior UUMV. 

 We conclude that under Theus, the trial court did not err in admitting evidence
of appellant's prior convictions. (5)

 We overrule appellant's fifth point of error. 

E. Modified Allen Charge

 In his sixth point of error, appellant argues that the trial court's modified Allen
charge was coercive, thereby denying appellant's right to trial by jury. There is no
evidence in the record that appellant objected to the submission of this charge. 
Appellant has, therefore, waived any error with respect to the trial court's decision
to deliver the Allen charge. See Freeman v. State, 115 S.W.3d 183, 186 n.2 (Tex.
App.--Texarkana 2003, pet. ref'd). Moreover, appellant has cited no authority in
support of his argument. Therefore this issue was briefed inadequately. Tex. R. App.
P. 38.1(i).

 We overrule appellant's sixth point of error.

F. Proof of Prior Conviction for Enhancement Purposes

 In his seventh point of error, appellant argues that one of his prior convictions
was not properly proved and, therefore, the trial court should not have considered it
in the assessment of punishment. Appellant argues that the State's indictment and
the judgment entered as State's Exhibit 13 list different dates for his conviction for
burglary of a building. Additionally, appellant argues that the judgment itself is
unclear regarding his actual guilt because handwritten changes were made to the
judgment. 

 The State has the burden of proof to show that any prior conviction used to
enhance a sentence was final under the law and that the defendant was the person
previously convicted of that offense. Flowers v. State, 220 S.W.3d 919, 922 (Tex.
Crim. App 2007). If the State does not prove beyond a reasonable doubt that the
offenses are attributable to the defendant, the evidence may not be considered in the
assessment of punishment. Fields v. State, 1 S.W.3d 687, 688 (Tex. Crim. App.
1999). If, however, a defendant pleads "true" to the enhancement paragraph, the
State's burden of proof is satisfied. Harrison v. State, 950 S.W.2d 419, 421 (Tex.
App., Houston [1st Dist.] 1997, writ ref'd) (citing Harvey v. State, 611 S.W.2d 108,
111 (Tex. Crim. App. 1981)). 

 Here the record reflects that upon the trial court's reading of the two
enhancement paragraphs, appellant pleaded "true" to both. Appellant's plea of "true"
to both of these enhancements satisfies the State's burden of proof with respect to the
conviction in question. See Harrison, 950 S.W.2d at 421. 

 We overrule appellant's seventh point of error. Conclusion

 We affirm the judgment of the trial court.


 

 

 Evelyn V. Keyes

 Justice

 

Panel consists of Justices Keyes, Alcala, and Hanks

Publish. Tex. R. App. P. 47.2(b).
1. See Tex. Health & Safety Code Ann. § 481.112 (Vernon 2008).
2. In the suppression hearing, appellant testified that the police found the drugs in his
car.
3. The record is unclear about whether or not the suit was against the police department
alone or against the police department and the individual officers.
4. Appellant's 1982 unauthorized use of a motor vehicle conviction was enhanced with
two prior felony convictions.
5. Appellant argues that admission of his prior conviction for UUMV is particularly
prejudicial because the life sentence imposed for that conviction indirectly discloses
two additional felony offenses. Appellant waived this particular complaint when he
failed to object at trial. Tex. R. App. P. 33.1(a); Gillenwaters v. State, 205 S.W.3d
534, 537 (Tex. Crim. App. 2006).