**Roy Valdez HERNANDEZ, Appellant,**

v.

**The STATE of Texas.**

**No. 1361–98.**

Court of Criminal Appeals of Texas, En Banc.

Nov. 18, 1998.

Randy McDonald, Houston, for appellant.

Rikke Burke Graber, Assist. DA, Houston, Matthew Paul, State's Atty., Austin, for State.

WOMACK, Judge, concurring, statement respecting the refusal of discretionary review.

We have chosen not to review the decision below that Texas Rule of Evidence 609(b) was violated. In my view, our choice is correct because this is not a Rule 609 case.

The subject of Rule 609 is "attacking the credibility of a witness [with] evidence that he has been convicted of a crime ... [that] was a felony or involved moral turpitude." Rule 609(a). The justification for the rule is "the general proposition that at least some

crimes are relevant to credibility." Advisory Committee's Note, Federal Rule of Evidence 609. This evidence is "relevan[t] to an inquiry into character." *Id.,* Rule 609(c). "[C]onvictions over ten years old generally do not have much probative value" on the issue of character, which is why Rule 609(b) requires a high showing of relevance for admission of an old conviction. Report of the Senate Committee on the Judiciary, Federal Rule of Evidence 609(b).

But the fact at issue in this case was not the witness's character and credibility generally, it was whether he knew what marihuana smelled like. The 1977 conviction for marihuana possession was a convenient way of proving that the appellant was familiar with marihuana. Its relevance value had nothing to do with the concerns of Rule 609, which are that only certain crimes (felonies and crimes of moral turpitude) which have been committed fairly recently and which have not been followed by evidence of rehabilitation, are probative of bad character. The evidence would have been just as relevant (or irrelevant) if it had been a misdemeanor conviction for possession of marihuana, or if there had been evidence of rehabilitation, or if the appellant had been adjudicated a juvenile delinquent for possessing marihuana, which clearly would have taken the evidence out of Rule 609.

This evidence really was "evidence of other crimes, wrongs or acts [which was] not admissible to prove the character of [the] person," but may have been "admissible for other purposes, such as proof of ... knowledge" of the smell of marihuana. *See* Texas Rule of Evidence 404(b). The test for the admissibility of the evidence was that of Rule 403.

Since the decision below is based on Rule 609 rather than on Rules 403 and 404(b), and "[t]he State does not dispute the majority's holding that this claim should be analyzed pursuant to the language of rule 609(b)" (Petition for Discretionary Review at 5), we could not do other than to refuse discretionary review.