**Stephan Jay MORRIS, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 01–00–01209–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Aug. 16, 2001.

Jerald K. Graber, Houston, for appellant.

John B. Holmes, Dist. Atty., Kevin P. Keating, Asst. Dist. Atty., Houston, for the State.

Panel consists of Justices MIRABAL, JENNINGS, and DUGGAN.*

## OPINION

TERRY JENNINGS, Justice.

Stephan Jay Morris, appellant, was convicted of aggravated robbery following a jury trial. After finding two enhancement paragraphs true, the jury assessed punishment at life imprisonment. Appellant contends (1) he suffered egregious harm as a result of error in the jury charge, and (2) the trial court erred in admitting evidence of his prior criminal convictions for impeachment purposes.

We affirm.

---

* The Honorable Lee Duggan, Jr., retired Justice, Court of Appeals, First District of Texas    at Houston, participating by assignment.

## FACTS

Appellant was indicted for aggravated robbery for his alleged participation in a "home invasion" style aggravated robbery on October 28, 1999. Jim and Kathleen Cullen were at their home at about 8:45 p.m. when three unknown men burst into their house, tied them up with duct tape, and threatened them with guns while ransacking the house and demanding their valuables. The man described by Mr. Cullen as the "leader" of the robbers wore gloves, a long-sleeved sweatshirt, and a hood that completely covered his head. Mr. Cullen suspected, but was unsure, that the "leader" of the robbers was African-American. The other two robbers appeared to be Hispanic and spoke Spanish. After the men left the house, the Cullens freed themselves and called 911.

After receiving a dispatch call for this crime at approximately 9:00 p.m. that evening, a police officer saw appellant driving a Cadillac very slowly in the victims' neighborhood. The officer testified that, when he attempted to stop appellant, appellant fled on foot. Following a chase, appellant was apprehended at approximately 10:45 p.m. The police found items taken from the victims' home, as well as a hat similar to that worn by the "leader" of the robbers, in appellant's car. Appellant testified at trial and denied any participation in the robbery. Appellant testified that he was in the area at the time to pick up his girlfriend and his Cadillac had been "carjacked," which was the reason he was walking. Neither victim could positively identify appellant as one of the robbers.

## ANALYSIS

In his first issue for consideration, appellant contends the trial court erred by

failing to include language regarding the use of a deadly weapon in one of the two application paragraphs submitted to the jury in the charge.

Appellant was charged with and found guilty of the offense of aggravated robbery. The offense of robbery occurs when a person commits the offense of theft, and, with intent to obtain or maintain control of the property, the person intentionally or knowingly threatens or places another in fear of imminent bodily injury or death. TEX. PENAL CODE ANN. § 29.02(a)(2) (Vernon 1994); *Ex Parte Padron*, 16 S.W.3d 31, 34 (Tex.App.—Houston [1st Dist.] 2000, pet. ref'd). Robbery becomes aggravated when a person commits the offense of robbery and uses or exhibits a deadly weapon. TEX. PENAL CODE ANN. § 29.03(a)(2) (Vernon 1994); *Ex Parte Padron*, 16 S.W.3d 31, 34 (Tex.App.—Houston [1st Dist.] 2000, pet. ref'd). Appellant does not dispute that the offense perpetrated on the Cullens was an aggravated robbery. The Cullens testified they were placed in fear of imminent bodily injury or death because the robbers possessed guns.

Robbery was correctly defined in the jury charge, which also correctly explained that robbery becomes aggravated when the "person committing robbery uses or exhibits a deadly weapon." The charge also correctly defined the law of parties, and instructed the jury that it could find appellant guilty of aggravated robbery either as a principal actor or as a party to the crime. However, the second application paragraph applying the law of parties does not contain any language concerning the use of a deadly weapon, and sets out only the elements of robbery, not aggravated robbery. The application paragraphs of the charge read as follows:

Now, if you find from the evidence beyond a reasonable doubt that on or about the 28th day of October, 1999, in Harris County, Texas, the defendant, Stephen [sic] Jay Morris, did then and there unlawfully, while in the course of committing theft of property owned by [Cullen], and with intent to obtain or maintain control of the property, intentionally or knowingly threaten or place [Cullen] in fear of imminent bodily injury or death, and the defendant did then and there use or exhibit a deadly weapon, to wit: a firearm, or

If you find from the evidence beyond a reasonable doubt that on or about the 28th day of October, 1999, in Harris County, Texas, one or more unknown person or persons, did then and there unlawfully, while in the course of committing theft of property owned by [Cullen], and with intent to obtain or maintain control of the property, intentionally or knowingly threaten or place [Cullen] in fear of imminent bodily injury or death, and that the defendant, Stephen [sic] Jay Morris, with the intent to promote or assist the commission of the offense, if any, solicited, encouraged, directed, aided or attempted to aid one or more person or persons to commit the offense, if he did, then you will find the defendant guilty as charged in the indictment.

▬ Generally, our first task in assessing complaints of charge error is to determine whether the specified language constituted error. Here, however, the State concedes the second application paragraph, as written, was clearly erroneous. This concession does not conclude our analysis. No objection was made at trial to the jury charge by counsel for appellant. Therefore, we must find the charge error caused appellant egregious harm to justify a reversal. *Almanza v. State*, 686 S.W.2d 157, 171–72 (Tex.Crim.App.1984); *Santos v. State*, 961 S.W.2d 304, 306 (Tex.App.—Houston [1st Dist.] 1997, pet. ref'd).

To determine whether a defendant suffered egregious harm, we must consider: (1) the entire charge; (2) the state of the evidence, including any contested issues; (3) the arguments of counsel; and (4) any other relevant information. *Hutch v. State*, 922 S.W.2d 166, 171 (Tex.Crim.App.1996); *Santos*, 961 S.W.2d at 306. The purpose of this review is to determine whether a defendant suffered actual, rather than merely theoretical, harm. *Abdnor v. State*, 871 S.W.2d 726, 732 (Tex.Crim.App.1994); *Duke v. State*, 950 S.W.2d 424, 428 (Tex.App.—Houston [1st Dist.] 1997, pet. ref'd).

The due process clause protects those accused of crimes against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crimes with which they are charged. *In re Winship*, 397 U.S. 358, 364, 90 S.Ct. 1068, 1072, 25 L.Ed.2d 368 (1970). In any criminal proceeding, the State is required to prove beyond a reasonable doubt all essential elements of a crime. TEX.CODE CRIM. PROC. ANN. art. 38.03 (Vernon Supp. 2001); *Smith v. State*, 986 S.W.2d 86, 87 (Tex.App.—Houston [1st Dist.] 1999, pet. ref'd).

The jury charge was erroneous in its instruction regarding application of the law of parties to this offense. Robbery and the circumstances under which it becomes an aggravated offense were correctly defined and explained in the first part of the charge. Further, on the verdict form, the jury was given only two choices: find appellant not guilty, or find him "guilty of aggravated robbery." Although the second application paragraph instructed the jury that it could find appellant guilty of aggravated robbery if he was a party to a robbery, the charge as a whole addressed the offense of aggravated robbery, the only offense shown by the uncontested evidence.

There is no question that the State proved beyond a reasonable doubt that the offense committed at the Cullens' house was an aggravated robbery. The contested issue at trial was the identification of appellant as one of the participants in the offense, not whether the offense was aggravated robbery as opposed to mere robbery based on the use or nonuse of a deadly weapon. In analyzing the entire jury charge, we conclude the error presented in the second application paragraph did not result in egregious harm to appellant.

We next review the state of the evidence and consider whether the jury charge error relates to a contested issue at trial. *See Hutch v. State*, 922 S.W.2d 166, 173 (Tex.Crim.App.1996). The evidence presented at trial established that an aggravated robbery was committed at the Cullens' home by three men. Neither of the Cullens could identify appellant as one of the men, and no direct testimony or evidence linked appellant to the robbery. An officer testified appellant fled when his car was stopped in the Cullens' neighborhood approximately two hours after the crime. Appellant denied he was the driver the officer saw. Appellant also denied participating in the offense, and claimed his car had been "carjacked" in the area of the Cullens' home at approximately 8:30 p.m. that evening, just minutes before the offense occurred. Appellant's car was found to contain numerous articles taken from the Cullens' home during the robbery and a hat similar to one worn by one of the robbers.

The uncontested evidence established the crime that took place at the Cullens' home was an aggravated robbery. There was no question that the robbers used guns during the commission of the offense, as the Cullens testified. Appellant's de-

fense focused on his identification and did not dispute that deadly weapons were used. Appellant simply denied any participation in the offense. Accordingly, we conclude, given the state of the evidence in this case, the error in the charge did not relate to a contested issue at trial and did not cause egregious harm to appellant.

We must also review the jury argument presented as part of the analysis required under *Almanza*. In opening argument, the prosecutor urged the jury that, "[A]t the very minimum, this defendant is guilty as a party as the getaway driver in the aggravated robbery...." During closing argument, the prosecutor addressed the jury in part as follows:

> You all said you would and could convict under the law of parties. As we spoke about, if a person takes part in an offense, no matter what part of the offense he takes place in, he's guilty of the offense. So you really don't have to—I suggest you probably should, because it will be important later on, but you don't have to go back and determine whether or not he was the leader inside, though he was the leader. All you have to determine, do we believe, at the very minimum, that he was the getaway driver in this home-invasion robbery. That's more than enough to convict.

The prosecutor specifically urged the jury to convict under the law of parties, and to find appellant guilty as "the getaway driver," under the second, and erroneous, application paragraph.

In his closing argument, counsel for appellant attacked the inconsistencies in the descriptions of the robbers given by the Cullens, and questioned the identification made by the officer who stopped appellant's car. Appellant's counsel did not challenge the characterization of the offense as an aggravated robbery, but summarized his argument as follows: "I can imagine that both of these victims were terrified and it's something that ought not to have happened, however, it did, and what we are trying to do now is determine if [appellant] participated in that."

The prosecution's jury argument in this case addressed the law of parties, but neither the State nor appellant's counsel focused on the use or nonuse of a deadly weapon in their respective arguments. Consequently, the jury argument did not result in egregious harm to appellant.

Because no objection was made to the charge at trial, we are required to reverse only if we determine the charge error resulted in egregious harm to appellant. We overrule appellant's first issue on appeal because we conclude the error present in the second application paragraph of the jury charge did not cause appellant egregious harm.

Appellant's second issue on appeal concerns the admission of some of his prior convictions into evidence to impeach his credibility. Appellant's counsel objected to the introduction of evidence of "any felonies or convictions that the State intends to introduce that are over 10 years old, according to the statute." Appellant contends the trial court erred in admitting such evidence of his prior criminal record in violation of Rule 609 of the Texas Rules of Evidence and *Theus v. State*, 845 S.W.2d 874 (Tex.Crim.App.1992).

We will not reverse the trial court's decision regarding the admissibility of evidence of prior convictions unless a "clear abuse of discretion" is shown. *Theus*, 845 S.W.2d at 881; *Pierre v. State*, 2 S.W.3d 439, 442 (Tex.App.—Houston [1st Dist.] 1999, pet. ref'd). If the trial court's decision was within the zone of reasonable disagreement, we will not disturb it. *Theus*, 845 S.W.2d at 881; *Pierre*, 2 S.W.3d at 442.

Rule 609 provides that evidence of a witness's prior conviction shall be admitted for purposes of impeachment if the crime was a felony or a crime of moral turpitude and the court determines that the probative value of admitting the evidence of the conviction outweighs its prejudicial effect. TEX.R. EVID. 609(a). However, such evidence is not admissible if more than 10 years has elapsed since the date of the conviction or the witness's release from confinement, whichever is later, unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect. TEX.R. EVID. 609(b).

The record is silent as to the dates appellant was released from confinement for his prior offenses, so we must look at the dates of each conviction offered. Appellant objected to the evidence of his convictions for (1) burglary of a motor vehicle in May 1988, (2) theft by receiving in May 1988, (3) theft by receiving in July 1988, (4) two counts of burglary of a habitation in March 1990, and (5) engaging in organized criminal activity in March 1990.[1] Appellant was tried in September of 2000, more than 10 years after the dates of these convictions.

■ As to appellant's May 1988 conviction for burglary of a motor vehicle, appellant's counsel did not timely object at trial to this evidence. No objection was raised until after the State questioned appellant concerning this conviction and appellant admitted to it. Only after the State questioned appellant a second time about this same conviction was an objection raised. Consequently, appellant waived any argument about the admission of this conviction on appeal, and nothing is preserved for our review. TEX.R.APP. 33.1.

The remaining convictions to which appellant objected were all for felony offenses[2] or crimes of moral turpitude, thefts, that took place more than 10 years before trial. Pursuant to Rule 609(b), our review of the trial court's decision to admit this evidence must consider whether the probative value of these convictions "substantially" outweighs any prejudicial effect. TEX.R. EVID. 609(b); *Jackson v. State,* 11 S.W.3d 336, 339 (Tex.App.—Houston [1st Dist.] 1999, pet. ref'd).

Remote convictions are inadmissible because of a presumption that one is capable of rehabilitation and that his character has reformed over a period of law abiding conduct. CATHLEEN C. HERASIMCHUK, TEXAS RULES OF EVIDENCE HANDBOOK Art. VI(B) at 587 (4th ed.2000). As this court pointed out in *Hernandez v. State,* an appellate court may find that, while a prior conviction is more than 10 years old, later convictions for felonies or misdemeanors involving moral turpitude remove the taint of remoteness from the prior convictions. 976 S.W.2d 753, 755 (Tex.App.—Houston [1st Dist.] ), *pet. ref'd* 980 S.W.2d 652 (Tex. Crim.App.1998). In such a circumstance, the Rule 609(a) "outweigh" standard is appropriate because the "tacking" of the intervening convictions renders convictions more than 10 years old no longer remote. *Id.* The reasoning applied in this situation is that intervening convictions for felonies or crimes of moral turpitude demonstrate a lack of reformation, attenuating the possible prejudice interposed by a distant conviction. *Id.; Sinegal v. State,* 789 S.W.2d

---

1. Appellant did not object at trial to the introduction of his convictions for theft of more than $20,000 and for burglary of a habitation, both in June 1991.

2. *See* TEX. PENAL. CODE ANN. § 30.02 (Vernon Supp.2001) (codifying burglary of a habitation); TEX. PENAL. CODE ANN. § 71.02 (Vernon Supp.2001) (codifying engaging in organized criminal activity to commit burglary).

383, 388 (Tex.App.—Houston [1st Dist.] 1990, pet. ref'd).

■ In the present case, evidence was presented, without objection, of appellant's convictions for theft of more than $20,000 and burglary of a habitation, both in 1991. These intervening felony convictions remove the taint of remoteness from the offered 1988 and 1990 convictions. Therefore, we apply the Rule 609(a) "outweigh" standard to determine whether admission of appellant's prior convictions more than 10 years old was proper. In *Theus*, the court set out a non-exclusive list of factors courts should use to weigh the probative value of a conviction against its prejudicial effect. Such factors include (1) the impeachment value of the prior crime, (2) the temporal proximity of the past crime relative to the charged offense and the witness's subsequent history, (3) the similarity between the past crime and the charged offense, (4) the importance of the witness's testimony, and (5) the importance of the witness's credibility. 845 S.W.2d at 880–81.

■ The impeachment value of crimes involving deception is higher than crimes that involve violence, and the latter have a higher potential for prejudice. *Theus*, 845 S.W.2d at 881; *Jackson*, 11 S.W.3d at 340. None of appellant's prior convictions involve crimes of violence, and all are related to crimes of deception, namely theft. The first *Theus* factor weighs toward admitting the prior convictions.

■ We next consider the temporal proximity of appellant's past crimes to the charged offense and his subsequent criminal history. We must consider whether appellant's past crimes are recent and whether he has demonstrated a propensity for running afoul of the law. *Theus*, 845 S.W.2d at 881; *Jackson*, 11 S.W.3d at 340. The five convictions to which appellant objected occurred in 1988 and 1990. He admitted to two additional convictions that

occurred in 1991. Appellant was then imprisoned and was not released on parole until the beginning of 1999. The charged offense occurred in October 1999. Although the convictions to which appellant objected occurred more than 10 years before the charged offense, appellant was imprisoned until approximately 10 months before the charged offense. The temporal proximity of appellant's prior convictions and his subsequent criminal history, the second *Theus* factor, weigh in favor of admitting the prior convictions.

■ In cases where a defendant's past crimes are similar to the charged offense, the third *Theus* factor will militate against admission. 845 S.W.2d at 881. Appellant was charged with participating or carrying out an aggravated robbery which occurred during a home invasion. Although his past theft convictions are not similar to the charged offense, a closer question is raised by the admission of his 1990 convictions for burglary of a habitation and engaging in organized criminal activity. However, during cross-examination, appellant denied ever using a deadly weapon during the commission of his prior crimes, and he denied ever burglarizing a house while the occupants were home. We conclude that this factor weighs in favor of admissibility.

■ Finally, we focus on the importance of appellant's testimony and credibility, the fourth and fifth *Theus* factors. Appellant's testimony was important because he attempted to explain why he was found in the area shortly after the time the Cullens were robbed, and why their stolen property was found in his car. A defendant should generally have the right to testify without being impeached by remote prior convictions. *Jackson*, 11 S.W.3d at 340. However, when a case involves the testimony of only the defendant and the State's witnesses, as in this case, the importance of the defendant's credibility and testimony escalates, along

with the State's need to impeach the defendant's credibility. *Theus,* 845 S.W.2d at 881. Because appellant was the only witness who testified on his behalf, the State had an escalated need to impeach his credibility. However, evidence was offered without objection of appellant's prior convictions for burglary of a motor vehicle in 1988, and for theft of more than $20,000 and burglary of a habitation in 1991. The jury was also aware that, following his 1991 convictions, appellant was imprisoned until 1999. This evidence lessened the State's need to further impeach appellant's credibility. *Jackson,* 11 S.W.3d at 341. Accordingly, the fourth and fifth *Theus* factors weigh against the admissibility of the prior convictions in question.

Overall, application of the *Theus* factors favors the admissibility of the prior convictions. We conclude that the trial court's decision to admit such evidence was not outside the "zone of reasonable disagreement," and we hold the trial court did not abuse its discretion. We overrule appellant's second issue on appeal.

We affirm the judgment of the trial court.