In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-02-00987-CR
____________

ANTHONY KEITH BROWN, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 262nd District Court 
Harris County, Texas
Trial Court Cause No. 905477




MEMORANDUM OPINION
          A jury found appellant, Anthony Keith Brown, guilty of burglary of a
habitation with intent to commit theft, and the trial court assessed punishment at 15
years’ confinement in prison. In two issues, appellant contends that the trial court
erred in excluding relevant evidence and in admitting extraneous-offense evidence. 
We affirm.
Background
          Appellant and Lois Bradley dated and lived together in Bradley’s house until
their relationship ended in the spring of 1991. Although appellant moved out of
Bradley’s house following the breakup, he occasionally returned to her house and
requested money. Bradley refused appellant’s requests on these occasions and was
sometimes forced to call the police to have him removed from her property. On
March 14, 2002, appellant knocked at Bradley’s front door and again requested
money. Bradley did not open the door, but instead telephoned the police. Appellant,
meanwhile, went to the back of the house and broke through a back door. He
damaged both the door and a kitchen drawer in the process. Once inside the house,
appellant grabbed Bradley, dragged her into a hallway, and demanded that she give
him money. Houston Police Officer Robert Campbell arrived at the house and
encountered appellant holding Bradley around her neck. Appellant was subsequently
arrested. 
Issue One: Relevant Evidence
          In his first issue, appellant contends that the trial court erred in excluding, on
relevancy grounds, evidence that Bradley deposited money into appellant’s
commissary fund at the Harris County Jail following his arrest. Appellant argues that
this evidence was relevant because it tends to show that he received consent to enter
Bradley’s house.
          Relevant evidence tends to make the existence of a consequential fact more or
less probable than it would be without the evidence. Tex. R. Evid. 401. Irrelevant
evidence is inadmissible. King v. State, 17 S.W.3d 7, 20 (Tex. App.—Houston [14th
Dist.] 2000, pet. ref’d). We review a trial court’s ruling on the relevancy of evidence
under an abuse of discretion standard. Id. We defer to a trial court’s decision to
admit or exclude evidence on relevancy grounds, and we may not simply substitute
our judgment for that of the trial court. Moses v. State, No. 2093-01, slip op. at 7
(Tex. Crim. App. May 21, 2003). Rather, we will reverse a trial court’s ruling only
if it falls outside the zone of reasonable disagreement. Torres v. State, 71 S.W.3d
758, 760 (Tex. Crim. App. 2002). 
          Appellant argues that the trial court abused its discretion in excluding evidence
that Bradley deposited money into his commissary fund because the evidence was
relevant to show that he and Bradley maintained an “ongoing relationship” which,
according to appellant, supports his assertion that Bradley consented to his entry into
the house. Assuming, arguendo, that Bradley did deposit money into appellant’s
commissary fund, we cannot conclude that the trial court acted outside the zone of
reasonable disagreement in finding that this evidence would not make the jury’s
determination of whether appellant entered Bradley’s house without consent more or
less probable than it would be without the evidence. See Tex. R. Evid. 401; Torres,
71 S.W.3d at 760. At trial, appellant introduced evidence that he had an ongoing
relationship with Bradley. Bradley’s testimony that she had communicated with
appellant after his arrest supported appellant’s assertion that their relationship was
ongoing. Given that testimony, we decline to substitute our judgment for that of the
trial court to find that further details of the ongoing relationship were relevant to the
issue of consent. See Fuentes v. State, 832 S.W.2d 635, 638-39 (Tex. App.—Houston
[14th Dist.] 1992, pet. ref’d) (holding that details of prior problems between
defendant and his cousin were not relevant when trier of fact heard that prior
problems existed). Accordingly, we hold that the trial court did not abuse its
discretion when it excluded evidence that Bradley deposited money into appellant’s
commissary fund.
          We overrule issue one.
Issue Two: Extraneous-Offense Evidence
          In his second issue, appellant contends that the trial court erred in admitting
evidence of an extraneous offense. Appellant testified at trial regarding a felony
aggravated assault conviction that he received in 1990. Appellant admitted the
conviction and did not object when the State questioned him further about the
conviction. Consequently, appellant waived any argument about the admission of
this conviction, and nothing is preserved for our review.


 Tex. R. App. 33.1; Morris
v. State, 67 S.W.3d 257, 263 (Tex. App.—Houston [1st Dist.] 2001, pet. ref’d).
          We overrule issue two.   
Conclusion
          We affirm the judgment of the trial court.




 

 
                                                                        Elsa Alcala
     Justice

Panel consists of Chief Justice Radack and Justices Alcala and Higley.

Do not publish. Tex. R. App. P. 47.4.