Affirmed and Memorandum Opinion
filed April 21, 2011.

 

In
The

Fourteenth
Court of Appeals



NO. 14-10-00196-CR



Eugene Marell
Hayes, Appellant 

v.

The State of
Texas, Appellee 



On Appeal from
the 185th District Court

Harris County, Texas

Trial Court
Cause No. 1217530



 

MEMORANDUM OPINION 

Appellant, Eugene Marell Hayes, was convicted of
theft and sentenced to fifteen years’ confinement.  In his sole issue,
appellant contends that the trial court’s admission of his prior convictions
for the purpose of impeaching his testimony was erroneous.  We affirm.

I.                  
Factual and Procedural Background

On May 25, 2009, the complainant, Margaret Murillo,
was sitting in her car in front of an apartment complex when appellant
approached and tried to open the passenger side door.  When appellant could not
open it, he jumped over the hood to the driver’s side and reached into
Murillo’s car to take her purse.  At trial, Murillo testified that in the
struggle over her purse, appellant hit her head and hand approximately eight
times.[1]
 After appellant took her purse, he ran into the apartment complex.

Police officers subsequently apprehended appellant,
and Murillo identified him as her assailant.  After appellant was arrested,
Officer Vu transported him to the police station.  While he was in Officer Vu’s
patrol car, appellant admitted to robbing Murillo.  Officer Vu testified that
appellant told him, “I didn’t mean to do what I did.  I was high on crack.  The
crack caused me to do it.”

At trial, the court charged the jury on the offense
of robbery and the lesser included offense of theft from person.  The jury
found appellant guilty of the lesser included offense of theft from person. 
Appellant subsequently pleaded true to two enhancement paragraphs: a 1992
felony conviction for delivery of a controlled substance, and a 1995 conviction
for aggravated robbery.  At the conclusion of the punishment phase, the jury
assessed appellant’s punishment at fifteen years’ confinement.  This appeal
followed.

II.              
Analysis

In his sole issue, appellant complains about the
trial court’s ruling that the State could impeach his testimony with two prior convictions. 
Appellant argues that the trial court should have prohibited impeachment with
these prior convictions because their probative value does not outweigh their
prejudicial effect.

We will not reverse a trial court’s decision
regarding admissibility of evidence of a prior conviction unless a clear abuse
of discretion is shown.  Morris v. State, 67 S.W.3d 257, 262 (Tex.
App.—Houston [1st Dist.] 2001, pet. ref’d).  Thus, a trial court’s decision
will not be overruled unless it lies outside the zone of reasonable
disagreement.  Id.; Theus v. State, 845 S.W.2d 874, 881 (Tex. Crim.
App. 1992).

The record reflects that, prior to trial, appellant
filed a motion requesting to be allowed to testify free of impeachment from his
prior convictions.[2] 
The trial court conducted a brief hearing on appellant’s motion and ruled that
appellant’s 2001 felony theft conviction and 2007 misdemeanor theft conviction
were admissible.  Appellant did not testify at trial.        

Under Rule 609 of the Texas Rules of Evidence,
evidence that a witness has been convicted of a crime is admissible to attack
the witness’s credibility if the crime was a felony or involved moral turpitude
and the court determines that the probative value of the evidence outweighs its
prejudicial effect.  Tex. R. Evid. 609(a); LaHood v. State, 171 S.W.3d
613, 620 (Tex. App.—Houston [14th Dist.] 2005, pet. ref’d).  Here, the 2001
conviction was for a felony offense, and the 2007 misdemeanor conviction was
for theft which is a crime of moral turpitude.  See LaHood, 171 S.W.3d at
620.

In Theus v. State, the Court of Criminal
Appeals set out a non-exclusive list of factors that courts should use to weigh
the probative value of a conviction against its prejudicial effect.  Theus,
845 S.W.2d at 880.  These factors include (1) the impeachment value of the
prior crime, (2) the temporal proximity of the past crime relative to the
charged offense and the witness’s subsequent history, (3) the similarity
between the past crime and the charged offense, (4) the importance of the
witness’s testimony, and (5) the importance of the witness’s credibility.  Id.;
LaHood, 171 S.W.3d at 620.

With regard to the first factor, the impeachment
value of crimes that involve deception is greater than for offenses that
involve violence.  Theus, 845 S.W.2d at 881.  Therefore, when the prior
offense is one involving deception, the first factor weighs in favor of
admission.  Id.  The offense of theft is a crime of deception.  Rodriguez
v. State, 129 S.W.3d 551, 559 (Tex. App.—Houston [1st Dist.] 2003, pet.
ref’d).  Thus, the first Theus factor weighs in favor of admission of
appellant’s prior convictions.  See id.

The second factor—temporal proximity—favors
admissibility if the past crimes are recent and the witness has demonstrated a propensity
for running afoul of the law.  Theus, 845 S.W.2d at 881.  Appellant’s
theft convictions in 2001 and 2007 are recent, and appellant’s criminal record,
which includes four total prior convictions,[3]
demonstrates that he has a propensity for, and a history of, running afoul of
the law.  See Jackson v. State, 11 S.W.3d 336, 340 (Tex. App.—Houston
[1st Dist.] 1999, pet. ref’d).  Consequently, this factor favors admission of
appellant’s prior convictions.

The third factor militates against admission if the
prior conviction is similar to the charged offense.  Theus, 845 S.W.2d
at 881.  This is so because the admission for impeachment purposes of a crime
similar to that charged presents a situation where the jury could convict based
on the perception of the past conduct rather than the facts of the present
case.  Id.  Appellant argues that because the jury convicted him of the
lesser included offense of theft from person, and his prior convictions were
for theft, the offenses are similar.  But appellant’s prior convictions were
for theft and the present charged offense is robbery.  See id.  And although
theft is necessarily included in the alleged elements of the greater offense of
robbery, when, as here, the indictment alleges “in the course of committing
theft,” the offense of robbery requires an additional element—bodily injury or the
threat of imminent bodily injury or death.  See Earls v. State, 707
S.W.2d 82, 84–85 (Tex. Crim. App. 1986).[4] 
Consequently, this factor is neutral and weighs neither in favor of nor against
admission of appellant’s prior convictions.      

Factors
four and five concern, respectively, the importance of the defendant’s
testimony and the importance of the credibility issue.  LaHood, 171
S.W.3d at 621.  These two factors are related because both depend on the nature
of a defendant’s defense and the means available to him of proving that
defense.  Miller v. State, 196 S.W.3d 256, 268 (Tex. App.—Fort Worth
2006, pet. ref’d).  When the case involves the testimony of only the defendant
and the State’s witnesses, the importance of the defendant’s credibility and
testimony increases.  Theus, 845 S.W.2d at 881.   As the importance of
the defendant’s credibility escalates, so will the need to allow the State an
opportunity to impeach the defendant's credibility.  Id.  Here, the only
disputed issue at trial was whether appellant injured the complainant during
the commission of the theft.  The complainant testified that appellant hit her;
appellant intended to testify that he took her purse but that he did not hit
her.  Although one of the officers testified to seeing a red mark on the
complainant’s head, none of them witnessed the incident, and there was no other
evidence of injury.  Therefore, appellant’s testimony and his credibility were
important because his theory pitted his testimony and the lack of evidence of
injury against the complainant’s testimony.  See id.; Berry v. State,
179 S.W.3d 175, 180 (Tex. App.—Texarkana 2005, no pet.) (finding appellant’s
testimony and credibility were very important where appellant and complainant
were only witnesses at time of offense).  The fourth and fifth factors weigh in
favor of admission of appellant’s prior convictions.  

In
summary, the first, second, fourth and fifth Theus factors favor
admission of appellant’s 2001 and 2007 convictions for impeachment purpose. 
Therefore, the trial court did not abuse its discretion in admitting evidence
of these convictions.  Appellant’s sole issue is overruled.

III.           
Conclusion

We
affirm the trial court’s judgment.








                                                                                    

                                                                        /s/        Adele
Hedges

                                                                                    Chief
Justice

 

 

Panel consists of Chief Justice Hedges
and Justices Frost and Christopher.

Do
Not Publish — Tex. R. App. P. 47.2(b).









[1]
Murillo testified that the struggle lasted ten to fifteen minutes.





[2]
Appellant’s convictions consist of a 1992 conviction for delivery of a
controlled substance, a 1995 conviction for aggravated robbery, a 2001
conviction for felony theft, and a 2007 conviction for misdemeanor theft.  In
1989, appellant was convicted of misdemeanor criminal trespass for which he
completed deferred adjudication probation.





[3]
This does not include his 1989 trespass conviction for which he completed
deferred adjudication probation.





[4]
A person commits theft if he “unlawfully appropriates property with intent to
deprive the owner of property.”  Tex. Penal Code Ann. § 31.03(a) (West Supp.
2009).  A person commits robbery if, “in the course of committing theft as
defined in Chapter 31 and with intent to obtain or maintain control of the
property, he: (1) intentionally, knowingly, or recklessly causes bodily injury
to another; or (2) intentionally or knowingly threatens or places another in
fear of imminent bodily injury or death.”  Tex. Penal Code Ann. § 29.02 (West
2003).