ACCEPTED
12-14-00309-CR
TWELFTH COURT OF APPEALS
TYLER, TEXAS
4/10/2015 3:52:20 PM
CATHY LUSK
CLERK

ORAL ARGUMENT NOT REQUESTED

NO. 12-14-00309-CR

IN THE COURT OF APPEALS
12TH JUDICIAL DISTRICT
TYLER, TEXAS

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS
4/10/2015 3:52:20 PM
CATHY S. LUSK
Clerk

JOLLY DEE NEELY,
APPELLANT

VS.

THE STATE OF TEXAS,
APPELLEE

ON APPEAL IN CAUSE NUMBER 007-0479-14
FROM THE 7TH JUDICIAL DISTRICT COURT
OF SMITH COUNTY, TEXAS
HONORABLE KERRY RUSSELL, JUDGE PRESIDING

APPELLANT'S BRIEF

JAMES W. HUGGLER, JR.
100 E. FERGUSON, SUITE 805
TYLER, TEXAS 75702
903-593-2400
STATE BAR NUMBER 00795437
ATTORNEY FOR APPELLANT

## IDENTITY OF PARTIES AND COUNSEL

APPELLANT:
    Jolly Dee Neely

APPELLANT'S TRIAL COUNSEL:
    John Jarvis
    326 South Fannin
    Tyler, Texas 75702
    903-592-6576

APPELLANT'S APPELLATE COUNSEL
    James Huggler
    100 E. Ferguson, Suite 805
    Tyler, Texas 75702
    903-593-2400
    903-593-3830 (fax)

APPELLEE
    The State of Texas

APPELLEE'S TRIAL COUNSEL
    Jeff Wood
    Bryan Jiral
    Smith County Criminal District Attorney's Office
    100 N. Broadway, 4th Floor
    Tyler, Texas 75702
    903-590-1720    903-590-1719 (fax)

APPELLEE'S APPELLATE COUNSEL
    Michael West
    Smith County Criminal District Attorney's Office
    100 N. Broadway, 4th Floor
    Tyler, Texas 75702
    903-590-1720    903-590-1719 (fax)

## TABLE OF CONTENTS

PAGE

IDENTITY OF PARTIES AND COUNSEL. . . . . . . . . . . . . . . . . . . . . . ii

TABLE OF CONTENTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

TABLE OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv

STATEMENT OF THE CASE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ISSUES PRESENTED. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

STATEMENT OF FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

SUMMARY OF ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

PROFESSIONAL EVALUATION OF THE RECORD. . . . . . . . . . . . . . 7

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

PRAYER. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

CERTIFICATE OF SERVICE.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

CERTIFICATE OF COMPLIANCE. . . . . . . . . . . . . . . . . . . . . . . . . 17

# TABLE OF AUTHORITIES

STATUTES

TEX. CODE CRIM. PROC. ANN. Art. 4.05 (Vernon 2014). . . . . . . . . . . . . . . 7

TEX. PENAL CODE ANN. § 22.01 (Vernon 2014). . . . . . . . . . . . . . . . . . . 13

TEX. PENAL CODE ANN. § 22.02(a) (Vernon 2012). . . . . . . . . . . . . . . 2, 13

TEX. PENAL CODE ANN. § 12.33(a) (Vernon 2014). . . . . . . . . . . . . . . . . 14


CASES

Alexander v. State, 740 S.W.2d 749 (Tex. Crim. App. 1987). . . . . . . . . 10

Anders v. California, 386 U.S. 738, 87 S. Ct. 1396,
     18 L. Ed. 2d 493 (1967). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7

Brooks v. State, 323 S.W.3d 893 (Tex. Crim. App. 2010). . . . . . . . . 12, 13

Bray v. State, 179 S.W.3d 725 (Tex. App.– Fort Worth 2005, no pet.). 14

Dale v. State, 90 S.W.3d 826 (Tex. App.--San Antonio 2001,
     pet. ref'd). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Gray v. State, No. 06-13-00037-CR, 2014 Tex. App. LEXIS 3,
     (Tex. App. – Texarkana Jan. 2 2014, no  pet. h.)
     (not desig.for pub.). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Jackson v. Virginia, 443 U.S. 307, 99 S. Ct. 2781,
     61 L. Ed. 2d 560 (1979). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Laster v. State, 275 S.W.3d 512 (Tex. Crim. App. 2009). . . . . . . . . . . . 13

Mays v. State, 904 S.W.2d 920 (Tex. App. – Fort Worth 1995, no pet.). 7

Morris v. State, 67 S.W.3d 257 (Tex. App. - Houston [1st Dist.]
2001, pet ref'd). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Stafford v. State, 813 S.W.2d 503 (Tex. Crim. App. 1991). . . . . . . . . . . 15

Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052,
     80 L. Ed. 2d 674 (1984). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

<u>Theus v. State</u>, 845 S.W.2d 874 (Tex.Crim.App. 1992). . . . . . . . . . 11, 12

<u>Thompson v. State</u>, 9 S.W.3d 808 (Tex. Crim. App. 1999). . . . . . . . . . . 15

<u>RULES</u>

TEX. R. APP. P. 9.4. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

TEX. R. APP. P. 38.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 6

TEX. R. EVID. 404(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

TEX. R. EVID. 609(a), (b). . . . . . . . . . . . . . . . . . . . . . . . . . 10, 11

NO. 12-14-00309-CR

| JOLLY DEE NEELY | § | IN THE COURT OF APPEALS |
| APPELLANT | § | |
| | § | |
| VS. | § | 12TH JUDICIAL DISTRICT |
| | § | |
| THE STATE OF TEXAS, | § | |
| APPELLEE | § | TYLER, TEXAS |

APPELLANT'S BRIEF

TO THE HONORABLE COURT OF APPEALS AND THE JUSTICES THEREOF:

Comes now Jolly Dee Neely ("Appellant"), by and through his attorney of record, James Huggler, and pursuant to the provisions of TEX. R. APP. PROC. 38, et seq., respectfully submits this brief on appeal.

STATEMENT OF THE CASE

Appellant  was indicted for the second degree felony offense of

1

aggravated assault with a deadly weapon.  CR 1.[1] TEX. PENAL CODE ANN.

§ 22.02 (a)(1) (Vernon 2014).  On September 30, 2014, Appellant entered

a plea of not guilty to the charged offense.  VI RR 141.  After hearing the

evidence at trial, the jury found Appellant guilty of the offense, as alleged

in the indictment.  VII RR 108.  Appellant elected for the judge to assess

punishment.  VI RR 11-13.  At the punishment hearing, the judge heard

testimony and reviewed the PSI, and assessed a sentence of 6 years'

confinement in the Texas Department of Criminal Justice, Institutional

Division.  VIII RR 34.

A pro se notice of appeal was filed on October 24, 2014.[2]  CR 69.

This brief is timely filed.

## ISSUES PRESENTED

None

---

[1] References to the Clerk's Record are designated "CR" with an arabic numeral following "CR" specifying the correct page in the record, and references to the Reporter's Record are designated "RR" with a roman numeral preceding specifying the volume and an arabic numeral following "RR" designating the correct page..

[2]  The Certificate of Service contains a typographical error, stating that the notice was served on October 27, *2013*; however, the file stamp reflects the correct date.

2

## STATEMENT OF THE FACTS

The record reflects that on April 4, 3014, Appellant was living with the complainant, Jackie McClain.  VII RR 18-19.  McClain testified that Appellant received a phone call from his sister that day and became very hostile, throwing the phone and other objects in the house.  VII RR 20.  She stated that he remained hostile all day, and woke up angry at her the next morning.  VII RR 20-23.  He began calling her names and blaming her for the fact that he could no longer have guns in the house.  VII RR 23-25.  She explained that the reason he blamed her for the loss of the guns was because he had been placed on probation for assault with a deadly weapon, committed against her, and that one of the conditions of probation was that he was prohibited from possessing weapons.  VII RR 31-33.

She stated that Appellant went to the dining room and picked up a knife from the table.  VII RR 25-26.  He walked toward her, laid down the knife and hit her with his open hand.  VII RR 26.  He then picked up the knife again and held it to her throat.  VII RR 27.  She testified that she asked him what was wrong, but he just kept calling her names.  VII RR

3

27. Appellant put the knife back on the table and went into the bedroom. VII RR 34. McClain then called the police. VII RR 35.

Deputy Travis Sims responded to the call and interviewed McClain. VII RR 57. He then went inside the house and discovered the knife on the table. VII RR 59. He took the weapon, which he described as a hunting knife, into evidence. VII RR 59-61. The knife was introduced as State's Exhibit A. VII RR 28.

After the State rested, Appellant elected to testify. VII RR 72. He stated that the call he received from his sister on April 4, 2014, was upsetting to McClain, and not him. VII RR 74. He said that he went to bed by 11:00 p.m., and that he had coffee with McClain when he woke the next morning. VII RR 75-76. About five minutes after he had been awake, the sheriff's deputy knocked at his door. VII RR 76. Appellant maintained, both on direct examination and on cross examination, that he never hit McClain or threatened her with a knife. VII RR 77; 79, 84.

On cross examination, Appellant acknowledged that he had been placed on probation on March 26, 2014, for the offense of assault with a deadly weapon. VII RR 81. He admitted that he pled guilty to the offense

and to the use of a pistol during its commission; however, he denied that he had actually used a pistol to commit the offense. VII RR 83.

He confirmed that one of the conditions of his probation was the prohibition of possession of weapons. VII RR 83. He also confirmed that he was prohibited from consuming alcohol as a condition of probation, but that he had consumed beer on April 4, 2014. VII RR 83-84.

At the conclusion of the testimony, the jury found Appellant guilty of aggravated assault with a deadly weapon, as charged in the indictment. VII RR 108.

During the punishment phase of the trial, the State presented the presentence investigation report as its only evidence. VIII RR 6. Appellant elected to testify at the punishment hearing, and stated that his goal after the trial was to return to his peaceful life, despite the fact that there was a lot of gunfire around his property. VIII RR 12. On cross examination, he acknowledged that he had possessed several weapons before his prior conviction, including an AK-47. VIII RR 17-19. Appellant' sister, Caroline Jackson, testified that Appellant had never been a violent person, and that she hoped to find him a new place to live after his release

5

from prison. VIII RR 23-26. After hearing the evidence, the judge sentenced Appellant to 6 years' confinement in the Texas Department of Criminal Justice, Institutional Division. VIII RR 34. Pursuant to the State's motion to cumulate, the court ordered that Appellant's sentence run consecutively to the sentence for his prior conviction. VIII RR 34.

## SUMMARY OF ARGUMENT

Counsel has reviewed the record and has concluded that, in his professional opinion, the record contains no reversible error or jurisdictional defects. Anders v. California, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400, 18 L. Ed. 2d 493 (1967). Thus, counsel must move for leave to withdraw from the case.

## ARGUMENT

There is no argument to present to this Court; however, Counsel has included this section to strictly comply with Texas Rule of Appellate Procedure 38. Counsel has reviewed the record and has concluded that, in his professional opinion, the record contains no reversible error or

jurisdictional defects.  <u>Anders v. California</u>, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400, 18 L. Ed. 2d 493 (1967).  Therefore, counsel is including the following explanatory section.

<u>PROFESSIONAL EVALUATION OF THE RECORD</u>

When counsel contends that there are no arguable grounds for reversal on appeal, counsel is required to present a professional evaluation of the record supporting this assertion.  See <u>Mays v. State</u>, 904 S.W.2d 920, 922-23 (Tex. App. – Fort Worth 1995, no pet.).  Counsel has conducted a review of the record, and has concluded that it presents no arguable error.

Counsel first reviewed the record for jurisdictional defects, and has found none. As charged, the offense was a second degree felony; thus, the trial court has jurisdiction over the case. See TEX. CODE CRIM. PROC. ANN. Art. 4.05 (Vernon 2014) (stating that district courts shall have original jurisdiction in felony criminal cases).  The indictment conferred jurisdiction on the trial court and provided Appellant with sufficient notice of the charged offense.

Counsel has also reviewed the pretrial matters raised by Appellant, specifically matters relating to the admission of extraneous offenses. Appellant's counsel filed a pretrial motion in limine, a portion of which requested that the Court enter an order instructing the State to refrain from mentioning any extraneous offenses allegedly committed by Appellant. CR 34-35. The State filed a Notice of Intent to offer extraneous evidence of Appellant's conviction for assault with a deadly weapon (Cause No. 007-1760-13). CR 17. After jury selection, the court addressed the issue of the admissibility of evidence of this offense. The issue was whether the testimony by McClain, stating that Appellant's attack on her occurred because he was angry at her for being the cause of his prior conviction and for his loss of his weapons as a condition of his probation, would be admitted during the guilt/innocence phase of the trial. The State argued that both McClain's statement and the prior conviction were admissible as contextual evidence and as evidence of motive. VI RR 153. Defense counsel rebutted this argument, stating that the evidence of the prior conviction could not be used to show motive since the offense itself occurred almost six months prior to the charged offense, and was therefore too attenuated to constitute motive. VII RR 5-6. The record

reflects, however, that Appellant was placed on probation only ten days prior to the commission of the charged offense. The court overruled Appellant's objection, and permitted the evidence to be introduced. VII RR 13. At trial, McClain was permitted to testify about the prior offense, and about Appellant's anger resulting from the loss of his weapons as a condition of probation. VII RR 23-33

Rule 404(b) permits the use of extraneous bad acts if it is used "for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident . . . ." TEX. R. EVID. 404(b). In the present case, the trial court allowed McClain to testify that Appellant assaulted her because he was angry at her for being responsible for his prior conviction and his loss of guns. This testimony tended to explain Appellant's motive, and possible criminal intent, for the alleged assault. Since there was a purpose for the admission of the evidence other than character conformity, the trial court likely did not commit reversible error in admitting evidence of prior assault by Appellant. E.g., Gray v. State, No. 06-13-00037-CR, 2014 Tex. App. LEXIS 3, (Tex. App. – Texarkana Jan. 2 2014, no pet. h.)(not desig.for pub.) (no error in admitting evidence of previous violence by defendant

9

toward the victim, resulting in their breakup, because evidence established his motive to act violently toward the victim and her new boyfriend).

Moreover, the admission of the evidence did not constitute reversible error since Appellant subsequently took the stand to testify, and acknowledged the prior offense. During cross examination, he admitted that he had been previously convicted for assaulting McClain with a deadly weapon, and he acknowledged the conditions of probation stemming from that conviction. VII RR 81-83.

Once a defendant testifies, he places his credibility at issue and thereafter may be impeached like any other witness. See Alexander v. State, 740 S.W.2d 749, 763 (Tex. Crim. App. 1987); Dale v. State, 90 S.W.3d 826, 829 (Tex. App.--San Antonio 2001, pet. ref'd). Under Texas Rule of Evidence 609(a), the credibility of a witness may be attacked with a prior felony conviction or a conviction that involved moral turpitude if the probative value outweighs the prejudicial effect. TEX. R. EVID. 609(a). Additionally, Rule 609(b) states that a prior conviction must be less than ten years old.

When conducting the balancing test required by Rule 609(a), the relevant inquiry is (1) the impeachment value of the prior crime; (2) the temporal proximity of the past crime relative to the charged offense and the witness's subsequent history; (3) the similarity between the past crime and the offense being prosecuted; (4) the importance of the defendant's testimony; and (5) the importance of the credibility issue. Theus v. State, 845 S.W.2d 874, 880 (Tex.Crim.App. 1992) .

In the present case, the evidence at issue is a felony conviction that is less than ten years old, thus satisfying the specific requirements of Rule 609(a) and(b). Employing the balancing criteria set forth in Theus, the probative value of the evidence outweighs any prejudicial effect. Although the prior offense is similar to the charged offense and is a crime involving violence (which has a higher potential for prejudice, see id. at 881), the probative value exceeds the prejudice since the conviction occurred days before the charged offense was committed and was important to the issue of Appellant's credibility. At trial, Appellant was the only witness to testify on behalf of the defense, and the outcome of the trial was solely dependent on the jury's evaluation of both Appellant's and McClain's credibility. When a case involves the testimony of only the defendant and

11

the State's witnesses, as in this case, the importance of the defendant's credibility and testimony escalates, along with the State's need to impeach the defendant's credibility. Morris v. State, 67 S.W.3d 257, 264-65 (Tex. App. - Houston [1st Dist.] 2001, pet ref'd), citing Theus, 845 S.W.2d at 881. Therefore, the trial court did not err in admitting Appellant's prior assault conviction, for purposes of establishing motive and for impeachment.

Counsel has further examined the record of the trial, along with any objections raised by counsel, and has found no reversible error. Counsel lodged several objections and vigorously advocated for Appellant during closing arguments, attacking the credibility of McClain and inconsistencies in her statement. VII RR 95-100.

Counsel has examined the totality of evidence as well, and has determined that there are no arguable grounds for review of the sufficiency of the evidence. For legal sufficiency purposes, the question is whether, "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319, 61 L. Ed. 2d 560, 99 S. Ct. 2781 (1979); Brooks v. State, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010). The court must assume

that the trier of fact resolved conflicts in the testimony, weighed the evidence, and drew reasonable inferences in a manner that supports the verdict. Jackson, 443 U.S. at 318; see Laster v. State, 275 S.W.3d 512, 517 (Tex. Crim. App. 2009). The reviewing court defers to the trier of fact's determinations of the witnesses' credibility and the weight to be given their testimony. Brooks, 323 S.W.3d at 899.

In the present case, Appellant was charged with the offense of aggravated assault with a deadly weapon. A person commits assault is if he "intentionally, knowingly, or recklessly causes bodily injury to another." TEX. PENAL CODE Ann. § 22.01(a)(1) (Vernon 2014). A person commits aggravated assault if he commits assault "causing serious bodily injury to another" or "uses or exhibits a deadly weapon during the commission of the assault." Id. at § 22.02(a)(1),(2) (Vernon 2014).

Here, under the allegations of the indictment, the State was required to prove beyond a reasonable doubt that Appellant intentionally, knowingly or recklessly caused bodily injury to Jackie McClain, by striking her with his hand, and that he used or exhibited a deadly weapon

13

(a knife) during the commission of the assault[3].  CR 1.

At trial, the State's evidence showed that Appellant became angry with McClain on the morning of April 5, 2014, he began yelling at her and picked up a hunting knife from the table.  VII RR 23-25. He put the knife down and hit her across the face, then picked up the knife and held it to her neck.    VII RR 25-27.   Taken together, this evidence is arguably sufficient to establish the essential elements of the offense.  Appellant presented contradictory version of the events; however, the jury rejected his testimony, and deference is given to the trier of fact's determinations of the witnesses' credibility and the weight to be given their testimony. Brooks, 323 S.W.3d at 899.

The record also reveals no arguable error arising the punishment phase of the trial.  The sentence was within the punishment range provided for by law, and is therefore not subject to challenge.  See TEX. PENAL CODE ANN. § 12.33(a) (Vernon 2014). Moreover, the judgment does not contain any improper assessment of fees. See Bray v. State, 179 S.W.3d 725 (Tex. App.--Fort Worth 2005, no pet.). Thus, there is no

---

[3]  During the charge conference, the State elected to abandon the second paragraph of the charge, which alleged that Appellant threatened McClain with imminent bodily harm by holding the knife to her throat.  VII RR 86-87.

arguably reversible error during the punishment phase.

Finally, the undersigned has reviewed the record and found no arguable ground for ineffective assistance of counsel. Counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. Strickland v. Washington, 466 U.S. 668, 690, 104 S. Ct. 2052, 2066, 80 L. Ed. 2d 674 (1984). In the present case, trial counsel filed pretrial motions, lodged pertinent objections at trial, presented and argued Appellant's defense. Considering the totality of the representation of Appellant's trial counsel, the record contains nothing that would indicate that counsel's performance was deficient. See id. at 687, 104 S. Ct. at 2064; Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999).


## CONCLUSION

Since counsel is unable to raise any arguable issues for appeal, he is required to move for leave to withdraw. See Stafford v. State, 813 S.W.2d 503 (Tex. Crim. App. 1991).

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Counsel respectfully prays that this Court permit him to withdraw after this Court's own examination of the record in this cause and to afford Appellant his right to file any pro se brief that he may wish to file.


Respectfully submitted,

 /s/ James Huggler
James Huggler
State Bar Number 00795437
100 E. Ferguson, Suite 805
Tyler, Texas 75702
903-593-2400
903-593-3830 fax
ATTORNEY FOR APPELLANT

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing Brief of the Appellant has been forwarded to counsel for the State by electronic filing on this the 10th day of April, 2015, and to the Appellant by regular mail.

Attorney for the State:
Mr. Mike West
Smith County Criminal District Attorney's Office
100 N. Broadway, 4th Floor
Tyler, Texas 75702

## CERTIFICATE OF COMPLIANCE

I certify that this Brief complies with Tex. R. App. P. 9.4, specifically using 14 point Century font and contains 3,444 words as counted by Corel WordPerfect version x6.

 /s/ James Huggler
James Huggler